**BETHESDA HOSPITAL, et al.,**
**Plaintiffs-Appellees,**

v.

**SECRETARY OF HEALTH AND**
**HUMAN SERVICES,**
**Defendant-Appellant.**

**No. 86–3090.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 18, 1986.

Decided Feb. 2, 1987.

As Amended Feb. 25, 1987.

Anthony W. Nyktas, U.S. Atty., Donetta D. Wiethe, Asst. U.S. Atty., Cincinnati, Ohio, Edgar C. Morrison, Jr. (argued), Dept. of HHS, Washington, D.C., for defendant-appellant.

Barbara Scott Bison, Robert S. Bromberg, Cincinnati, Ohio, Leonard C. Homer (argued), Ober, Kaler, Grimes, & Shriver, Baltimore, Md., for plaintiffs-appellees.

Before KEITH and GUY, Circuit Judges, and EDGAR, District Judge.*

RALPH B. GUY, Jr., Circuit Judge.

Plaintiffs, a group of twenty-nine hospitals which are providers of services under the Medicare Act, challenged in the district court the promulgation of the 1979 Malpractice Rule by the Secretary of Health and Human Services. In addition, two of the hospitals contested a decision by the Provider Reimbursement Review Board (PRRB) that it lacked jurisdiction to review their claims because those claims were not properly raised in their cost reports filed with the fiscal intermediary. The following issues were presented to the district court:

1) Whether the Provider Reimbursement Review Board (PRRB) erred in concluding that it lacked jurisdiction over the claims of plaintiffs who self-disallowed malpractice insurance costs? 2) Is the challenged regulation invalid under the Administrative Procedure Act (APA) because of deficiencies in either the Notice of Proposed Rule Making or the Basis and Purpose statement accompanying the regulation in final form? 3) Is the challenged regulation violative of the APA as arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law? 4) Is the challenged regulation invalid because it is inconsistent with the Medicare Act?

609 F.Supp. 1360, 1363 (S.D.Ohio 1985).

After review of the administrative record and filings by counsel, the district court concluded that:

1) The PRRB erred in concluding that it lacked jurisdiction over the claims of the health care providers who "self-disallowed" the malpractice insurance costs; 2) the challenged regulation is violative of the APA in two respects: a) the regulation in final form was not accompanied by an adequate statement of basis and purpose; and b) the issuance of the regulation, based upon the data on which the Secretary relied, was arbitrary and capricious. We do not rule on the issue of whether the challenged regulation is invalid because of alleged inconsistency with the Medicare Act.

*Id.*

Based on these conclusions, the court granted the plaintiff-hospitals' (the hospitals) motion for summary judgment and ordered further briefing on the issue of the appropriate relief. On November 25, 1985, the court issued an order remanding the case to the Secretary for the purpose of granting judgment to the hospitals in the amount of $2,965,767.00 plus interest. The court specifically declined to remand the case to the Secretary for application of any retroactive rulemaking which might result from the Notice of Proposed Rulemaking published by the Secretary on June 17, 1985. 50 Fed.Reg. 25,178. The Secretary timely appealed this order of remand and argues the following issues on appeal:

1. Whether, in light of the promulgation of the 1986 Malpractice Rule on April 1, 1986 (51 Fed.Reg. 11,142, appearing at 42 C.F.R. § 413.56),[1] this case is

---

* Honorable R. Allan Edgar, United States District Court, for the Eastern District of Tennessee, sitting by designation.

1. The Secretary has advised the court that the interim final rule, originally to be codified at 42 C.F.R. § 405.457, has been redesignated as 42 C.F.R. § 413.56. *See* 51 Fed.Reg. 34,790 and 34,808–09 (September 30, 1986).

now moot and the district court's decision should thus be vacated and the complaint dismissed.

2. Assuming *arguendo* that the case is not technically moot, whether the appropriate relief is to remand this case to the district court with instructions to remand to the Secretary for application of 42 C.F.R. § 413.56 to the cost years in plaintiffs' complaint.

3. Whether the district court erred in concluding that the Provider Reimbursement Review Board (PRRB) should have exercised jurisdiction over the claims of plaintiffs Bethesda Hospital and Deaconess Hospital.

For the reasons below, the decision of the district court is affirmed in part and reversed in part.

## I.

◼ With respect to the first two issues on appeal, the Secretary argues that the 1986 Rule, promulgated subsequent to the district court decision in this case, automatically supercedes the invalidated 1979 Rule since, by its terms, it applies to cost reporting periods beginning July 1, 1979. Therefore he contends that, since the 1986 Rule has not yet been applied to the hospitals' cost reports for the contested years (1980 and 1981), there is no "final decision" of the PRRB, a prerequisite to federal court jurisdiction. He argues that, since the 1986 Rule automatically supplants the invalid 1979 Rule and governs the cost years in question, there is no longer a "live controversy" between the parties or, in the alternative, that the case must be remanded to the PRRB for issuance of a final decision pursuant to the *1986 Rule* before the court can properly entertain jurisdiction over the hospitals' claims.

◼ In so arguing, the Secretary ignores Supreme Court authority stating that a dispute involving a monetary judgment constitutes a concrete interest in the outcome of the litigation and precludes a finding of mootness based on subsequent events. *Ellis v. Brotherhood of Railway, Airline and Steamship Clerks*, 466 U.S. 435, 104

S.Ct. 1883, 80 L.Ed.2d 428 (1984); *New York City Transit Authority v. Beazer*, 440 U.S. 568, 580–81, 99 S.Ct. 1355, 1362–63, 59 L.Ed.2d 587 (1979) ("the case is not moot since their claims arose even before the Act itself was passed, and they have been awarded monetary relief"). Further, the Secretary's argument presumes that it is the agency's sole province to determine the issue of retroactivity. This precise issue arose and has been decided by this court in our opinion in *Mason Hospitals v. Secretary of Dept. of Health and Human Services*, 809 F.2d 1220 (6th Cir., 1987) where we held that the Secretary is prohibited from applying the 1986 Rule retroactively to 1979. Since our decision in that case is dispositive of the first two issues on appeal here, we hereby adopt the rationale expressed in *Mason* with reference to the twenty-seven hospitals in this case whose right to contest the retroactive effect of the 1986 Rule is undisputed.

## II.

The only issue remaining is the jurisdictional one involving Bethesda and Deaconess Hospitals. The factual background relative to this issue follows.

Twenty-seven of the plaintiff-hospitals notified the fiscal intermediary at the time they filed their cost reports for 1980 and 1981 that they disputed the validity of the 1979 Malpractice Rule and its application to their claims for malpractice premium reimbursement. However, both Bethesda and Deaconess Hospitals complied with the 1979 Rule by completing and attaching Schedule D–8 to their cost reports, "Apportionment of Malpractice Insurance Costs." Schedule D–8 required hospitals to list their total malpractice insurance costs and then apply the methodology of the 1979 malpractice regulation in determining allowable Medicare costs.

The hospitals' cost reports thus included a claim for reimbursement for malpractice insurance costs, but completion of Schedule D–8 thus effectuated a "self-disallowance" of such malpractice insurance costs in ex-

cess of those allowed under the 1979 Rule. Because these hospitals complied with the Secretary's regulation and cost report instructions, there was no need for the fiscal intermediary reviewing their cost reports to make an audit adjustment with respect to the malpractice insurance issue before issuing a Notice of Program Reimbursement.

These hospitals timely filed requests for a hearing with the PRRB, seeking reimbursement for malpractice insurance costs under the pre–1979 utilization methodology. The PRRB determined that it was without jurisdiction over the claims of Bethesda and Deaconess Hospitals because they had failed to adequately present a "claim" for their premium reimbursements sufficient to notify the intermediary of a "dispute" as to this cost item.

In *Baptist Hospital East v. Secretary of HHS*, 802 F.2d 860 (6th Cir.1986), this precise issue was addressed by another panel of this court. Following the rationale of the District of Columbia Circuit in *Athens Community Hospital, Inc. v. Schweiker*, 743 F.2d 1 (D.C.Cir.1984) (Athens II), we held that the PRRB had properly refused to exercise jurisdiction over those claims by providers who had self-disallowed reimbursement and had failed to challenge the Secretary's regulations before the fiscal intermediary. *See also University of Cincinnati v. Heckler*, 809 F.2d 307 (6th Cir.1986) (reaching the same conclusion). At oral argument before the panel, counsel for the hospitals raised the argument that the Supreme Court's recent decision in *Bowen v. Michigan Academy of Family Physicians*, —— U.S. ——, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), wherein the Court emphatically upheld the presumption of reviewability of agency determinations, requires us to review our holding in *Baptist Hospital.*

*Michigan Academy* dealt with a challenge to the validity of a regulation promulgated under Part B of the Medicare Program, which provides reimbursement to physicians and other individuals who render services to covered participants. The question presented in that case was whether Congress intended to entirely bar judicial review of amount determinations under Part B by enactment of 42 U.S.C. §§ 1395ff, 1395ii, and 1395u. Despite the government's contention to the contrary, the Court held that these statutes foreclosed judicial review of only particular, individualized *amount* determinations but not challenges to the *method* by which such determinations were made.[2]

We find *Michigan Academy* inapposite to the issue presented in the case at bar. That case dealt only with the right to judicial review in the absence of meaningful administrative review procedures and in view of 42 U.S.C. § 405(h),[3] which has been construed to confine judicial review to those cases which have exhausted available administrative remedies. Title 42, U.S.C. § 1395oo clearly establishes a scheme of administrative review of providers' disputes via the PRRB, and we deal here with statutory interpretation of that section and the proper scope of the PRRB's function and not with a situation in which no scheme of administrative review is provided and the Secretary is attempting to foreclose judicial review as well. Since provider appeals proceed under an established system of administrative review, our holding in

**2.** "In light of Congress' express provision for carrier review of millions of what it characterized as 'trivial' claims, it is implausible to think it intended that there be *no* forum to adjudicate statutory and constitutional challenges to regulations promulgated by the Secretary." *Michigan Academy,* 106 S.Ct. at 2140 (emphasis in original).

**3.** (h) Finality of Secretary's decision
The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.
42 U.S.C. § 405(h).

562

*Baptist Hospital* was essentially one which defined the *steps* in that process to include submission of a "claim" before the fiscal intermediary as a prerequisite to PRRB and judicial review, in essence an exhaustion requirement.

Were we considering this issue as a matter of first impression, we may well have reached a different conclusion as to the advisability of requiring submission of statutory and/or constitutional challenges to a private insurance company as a condition precedent to further administrative as well as judicial review of the Secretary's regulations. However, "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision." *Salmi v. Secretary of Health and Human Services,* 774 F.2d 685, 689 (6th Cir.1985) (citation omitted). Since we do not find the Supreme Court's holding in *Michigan Academy* to require modification of *Baptist Hospital,* we are constrained to follow that decision.

Therefore, the decision of the district court is AFFIRMED with respect to its grant of judgment in favor of the twenty-seven named hospitals in the amount calculated by the Secretary pursuant to the district court's amended order of February 20, 1986. The court's decision with respect to Bethesda and Deaconess Hospitals is REVERSED and REMANDED for dismissal in accordance with this opinion.