BETHESDA HOSPITAL ASSOCIATION ET AL. *v.*
BOWEN, SECRETARY OF HEALTH AND
HUMAN SERVICES

No. 86–1764.   Argued February 29, 1988—Decided April 4, 1988

KENNEDY, J., delivered the opinion for a unanimous Court.

*Leonard C. Homer* argued the cause for petitioners. With him on the briefs was *Carel T. Hedlund*.

*Andrew J. Pincus* argued the cause for respondent. With him on the brief were *Acting Solicitor General Wallace, Assistant Attorney General Willard*, and *Deputy Solicitor General Merrill*.*

JUSTICE KENNEDY delivered the opinion of the Court.

Under the Medicare program, Title XVIII of the Social Security Act, 79 Stat. 291, 42 U. S. C. § 1395 *et seq*. (1982 ed. and Supp. III), certain qualified providers of health care services are reimbursed by the Secretary of Health and Human Services for the reasonable cost of providing covered services to Medicare beneficiaries. Each such provider submits a cost report at the end of the year to a fiscal intermediary, usually a private insurance company acting as an agent

---

*\**Linda A. Tomaselli* and *Stuart M. Gerson* filed a brief for the American Hospital Association as *amicus curiae* urging reversal.

for the Secretary. The fiscal intermediary audits the cost report and issues a Notice of Program Reimbursement specifying the amount of reimbursement due to the provider and explaining any adjustments.

A provider may appeal the intermediary's final determination to the Provider Reimbursement Review Board and, under certain circumstances, may obtain a hearing from the Board. The Board is authorized to affirm, modify, or reverse intermediary decisions. The Secretary, either on his own motion or on request of the provider, may review the matter further, and any provider that remains dissatisfied with a final decision of the Board or Secretary may seek review in a United States district court. §§ 1395oo(a), (d), (f).

This case requires us to decide whether the Board may decline to consider a provider's challenge to one of the Secretary's regulations on the ground that the provider failed to contest the regulation's validity in the cost report submitted to its fiscal intermediary.

I

Petitioners Bethesda Hospital Association and Deaconess Hospital of Cincinnati are Ohio entities that operate hospitals in that State. Bethesda and Deaconess joined with some 27 other hospitals to challenge a 1979 regulation promulgated by the Secretary, which disallowed certain claims for malpractice insurance premium costs. We are not concerned here with the merits of the challenge to the 1979 regulation; rather, we must decide whether the Board had jurisdiction to consider the issue.

In their cost reports for 1980, petitioners followed the 1979 regulation in their apportionment of malpractice insurance costs and thereby effected, in the lexicon of the Medicare program, a "self-disallowance" of malpractice insurance costs in excess of those allowed by the 1979 regulation. Petitioners later filed a timely request for a hearing before the Board, challenging the validity of the malpractice regulation and

seeking reimbursement for malpractice costs in accordance with the pre-1979 methodology. Because the amounts had been self-disallowed in the reports filed with the fiscal intermediary, however, the Board determined that it was without jurisdiction to hear petitioners' claims. The Board held, in essence, that a statutory condition to its jurisdiction had not been met, stating that its authority to grant hearings is limited to cases in which the provider is "dissatisfied with a final determination of the . . . fiscal intermediary," and reasoning that petitioners could not be dissatisfied when they had effected a self-disallowance of the claims. The District Court, in disagreement with the Board's reasoning, held that the Board should have exercised jurisdiction over the matter. *Bethesda Hospital* v. *Heckler*, 609 F. Supp. 1360, 1368 (SD Ohio 1985).

The Secretary appealed to the United States Court of Appeals for the Sixth Circuit, which reversed the District Court. The Court of Appeals stated that "[w]ere we considering this issue as a matter of first impression, we may well have reached a different conclusion as to the advisability of requiring submission of statutory and/or constitutional challenges to a private insurance company as a condition precedent to further administrative as well as judicial review of the Secretary's regulations." *Bethesda Hospital* v. *Secretary of Health and Human Services*, 810 F. 2d 558, 562 (1987). The court found itself bound, however, by the decision of a prior panel in *Baptist Hospital East* v. *Secretary of Health and Human Services*, 802 F. 2d 860 (1986), where it was held that the Board had properly "refused to exercise jurisdiction over those claims by providers who had self-disallowed reimbursement and had failed to challenge the Secretary's regulations before the fiscal intermediary." *Bethesda Hospital* v. *Secretary of Health and Human Services*, *supra*, at 561. We granted certiorari, 484 U. S. 813 (1987),

to resolve a conflict among the Courts of Appeals.[1]  We now reverse.

## II

The plain meaning of the statute decides the issue presented.   See *INS* v. *Cardoza-Fonseca*, 480 U. S. 421, 432, and n. 12 (1987); *Chevron U. S. A. Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U. S. 837, 842–843 (1984). The parties agree that § 1395*oo*(a) addresses the circumstances in which a provider may invoke the Board's jurisdiction.   To the extent pertinent here, § 1395*oo*(a) states that a provider may obtain a hearing before the Board with respect to its cost report if

"(1)  such provider—

"(A)(i) is dissatisfied with a final determination of . . . its fiscal intermediary . . . as to the amount of total program reimbursement due the provider . . . for the period covered by such report . . .

.          .          .          .          .

"(2)  the amount in controversy is $10,000 or more, and

---

[1] Compare *Bethesda Hospital* v. *Secretary of Health and Human Services*, 810 F. 2d 558 (CA6 1987) (case below) (finding there is no Board jurisdiction); *North Broward Hospital Dist.* v. *Bowen*, 808 F. 2d 1405 (CA11 1987) (same), cert. pending, No. 86–1986; *Community Hospital of Roanoke Valley* v. *Health and Human Services*, 770 F. 2d 1257 (CA4 1985) (same); *Athens Community Hospital, Inc.* v. *Schweiker*, 222 U. S. App. D. C. 363, 686 F. 2d 989 (1982), modified, 240 U. S. App. D. C. 1, 743 F. 2d 1 (1984) (same), with *Adams House Health Care* v. *Heckler*, 817 F. 2d 587 (CA9 1987) (finding there is mandatory Board jurisdiction), cert. pending, No. 87–443; *St. Mary of Nazareth Hospital Center* v. *Department of Health and Human Services*, 698 F. 2d 1337 (CA7 1983) (same), cert. denied *sub nom. St. James Hospital* v. *Heckler*, 464 U. S. 830 (1983), with *St. Luke's Hospital* v. *Secretary of Health and Human Services*, 810 F. 2d 325 (CA1 1987) (finding there is Board jurisdiction, but that it is discretionary), and with *Tallahassee Memorial Regional Medical Center* v. *Bowen*, 815 F. 2d 1435 (CA11 1987) (finding there is jurisdiction in the situation at issue here, but not for appeals that do not involve a challenge to a regulation), cert. pending, No. 87–380.

"(3) such provider files a request for a hearing within 180 days . . . ."   42 U. S. C. § 1395oo(a) (1982 ed. and Supp. III).

The Secretary contends that the requirement that a provider be "dissatisfied with a final determination of . . . its fiscal intermediary" necessarily incorporates an exhaustion requirement.   In the Secretary's view, a provider's right to a hearing before the Board extends only to claims presented to a fiscal intermediary because the provider cannot be "dissatisfied" with the intermediary's decision to award the amounts requested in the provider's cost report.   Petitioners counter that it would have been improper, or at least irregular, to submit a claim for cost reimbursement in a manner prohibited by the regulations, and that it was correct to raise their challenge in the first instance by presenting the matter to the Board.

The strained interpretation offered by the Secretary is inconsistent with the express language of the statute.   We agree that, under subsection (a)(1)(A)(i), a provider's dissatisfaction with the amount of its total reimbursement is a condition to the Board's jurisdiction.   It is clear, however, that the submission of a cost report in full compliance with the unambiguous dictates of the Secretary's rules and regulations does not, by itself, bar the provider from claiming dissatisfaction with the amount of reimbursement allowed by those regulations.   No statute or regulation expressly mandates that a challenge to the validity of a regulation be submitted first to the fiscal intermediary.   Providers know that, under the statutory scheme, the fiscal intermediary is confined to the mere application of the Secretary's regulations, that the intermediary is without power to award reimbursement except as the regulations provide, and that any attempt to persuade the intermediary to do otherwise would be futile.[2]   Thus, petitioners stand on different ground

---

[2] See 42 CFR § 421.100 (1987) (stating that the intermediary can only pay claims that are "covered under Medicare Part A or Part B"); § 421.120 (directing that the Secretary shall periodically review an intermediary's

than do providers who bypass a clearly prescribed exhaustion requirement or who fail to request from the intermediary reimbursement for all costs to which they are entitled under applicable rules. While such defaults might well establish that a provider was satisfied with the amounts requested in its cost report and awarded by the fiscal intermediary, those circumstances are not presented here. We conclude that petitioners could claim dissatisfaction, within the meaning of the statute, without incorporating their challenge in the cost reports filed with their fiscal intermediaries.

While the express language of subsection (a) requires the result we reach in the present case, our conclusion is also supported by the language and design of the statute as a whole. Cf. *Offshore Logistics, Inc.* v. *Tallentire*, 477 U. S. 207, 220–221 (1986). Section 1395oo(d), which sets forth the powers and duties of the Board once its jurisdiction has been invoked,[3] explicitly provides that in making its decision whether to affirm, modify, or reverse the intermediary's decision, the Board can "make any other revisions on matters covered by such cost report . . . even though such matters were not considered by the intermediary in making such final

audit procedures to ensure it is making "[c]orrect coverage and payment determinations" and is guarding the "proper management of administrative funds"); 42 CFR § 405.460(a)(2) (1985) ("Reimbursable provider costs may not exceed the costs estimated by HCFA [Health Care Financing Administration] to be necessary for the efficient delivery of needed health services. HCFA may establish estimated cost limits for direct or indirect overall costs or for costs of specific items or services or groups of items or services").

[3] Subsection (d) provides:

"A decision by the Board shall be based upon the record made at such hearing, which shall include the evidence considered by the intermediary and such other evidence as may be obtained or received by the Board, and shall be supported by substantial evidence when the record is viewed as a whole. The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination."

determination." This language allows the Board, once it obtains jurisdiction pursuant to subsection (a), to review and revise a cost report with respect to matters not contested before the fiscal intermediary. The only limitation prescribed by Congress is that the matter must have been "covered by such cost report," that is, a cost or expense that was incurred within the period for which the cost report was filed, even if such cost or expense was not expressly claimed.

Neither the fiscal intermediary nor the Board has the authority to declare regulations invalid.[4] It does not follow, however, that the statute treats the two entities alike or that it requires the provider to announce its regulatory challenge at each level; for the Board has a statutory function that the fiscal intermediary does not have. Subsection (f)(1) grants providers the right to obtain judicial review of an action of the fiscal intermediary, but the predicate is that the Board must first make a determination that it is without authority to decide the matter because the provider's claim involves a question of law or regulations.[5] It is this determination of

---

[4] Section 1395oo(d) only allows the Board to "affirm, modify, or reverse a final determination of the fiscal intermediary . . . ." Subsection (f)(1) recognizes that this limitation does not allow Board decisions with regard to the validity of rules or regulations. The subsection provides for *judicial* review of a challenged regulation when the Board determines it is "without authority to decide the question." See also n. 3, *supra*.

[5] Subsection (f)(1) provides:

"A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question, by a civil action commenced

the Board, or alternatively the Board's failure to act, that triggers the right of judicial review.

The Secretary notes that subsection (f)(1) posits review of an "action of the fiscal intermediary," and argues that without presenting the intermediary with the challenge to the regulation there can be no action to review. The statute provides, however, that the intermediary has no authority to deviate from the rules and regulations and that the Board, not the fiscal intermediary, is to make the determination that it lacks the requisite authority to consider the validity of the regulation. Under this statutory scheme, requiring submission of the regulatory challenge to the fiscal intermediary is quite unnecessary. The Board has a role in shaping the controversy that is subject to judicial review; the fiscal intermediary does not.

---

within sixty days of the date on which notification of such determination is received. If a provider of services may obtain a hearing under subsection (a) of this section and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the request and such accompanying documents and materials, and the determination shall be considered a final decision and not subject to review by the Secretary. If the Board fails to render such determination within such period, the provider may bring a civil action (within sixty days of the end of such period) with respect to the matter in controversy contained in such request for a hearing. Such action shall be brought in the district court of the United States for the judicial district in which the provider is located (or, in an action brought jointly by several providers, the judicial district in which the greatest number of such providers are located) or in the District Court for the District of Columbia and shall be tried pursuant to the applicable provisions under chapter 7 of title 5 notwithstanding any other provisions in section 405 of this title. Any appeal to the Board or action for judicial review by providers which are under common ownership or control or which have obtained a hearing under subsection (b) of this section must be brought by such providers as a group with respect to any matter involving an issue common to such providers."

Finally, the Secretary's proffered requirement of notice to the fiscal intermediary is internally inconsistent. The Secretary cannot maintain, on the one hand, that it is of vital importance to present challenges to the Secretary's regulations in the first instance to the fiscal intermediary and, on the other, acknowledge that a mere cover letter would suffice because the fiscal intermediary lacks authority to rule on the challenge. By objecting to the regulation in the first instance in proceedings before the Board, the petitioners protected their right to judicial review.

We hold that the plain language of the statute demonstrates that the Provider Reimbursement Review Board had jurisdiction to entertain this action. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*