**NORTH BROWARD HOSPITAL DISTRICT, Plaintiff–Appellee,**

v.

**Otis R. BOWEN, Secretary of the United States Department of Health and Human Services, Defendant–Appellant.**

No. 85–6039.

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1988.

Leon B. Kellner, U.S. Atty., Susan H. Aprill, Asst. U.S. Atty., Miami, Fla., Susanne M. Lee, U.S. Dept. of Health & Human Services, Washington, D.C., for defendant-appellant.

Richard C. Klugh, Jr., Edward T. O'Donnell, Jennifer L. Scott, Michael W. Ford, Miami, Fla., for plaintiff-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

GARZA, Senior Circuit Judge:

Our opinion in the above case is to be found at 808 F.2d 1405. The Supreme Court of the United States, ——— U.S. ———, 108 S.Ct. 1569, 99 L.Ed.2d 885, has vacated our judgment and remanded the case to us for further consideration in light of *Bethesda Hospital Association v. Bowen*, 485 U.S. ———, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988).

The Provider Reimbursement Review Board held that it had no jurisdiction to consider the Medicare provider's claim to certain "self-disallowed" costs which it failed to claim or otherwise contest in its Medicare costs report to the fiscal intermediary.

We had reversed the court below holding that the Provider Reimbursement Board had no jurisdiction to consider such reimbursement claims for certain collection costs which the provider had paid.

Our colleague on this panel, Judge R. Lanier Anderson, in concurring specially on the grounds that the Secretary's interpreta-

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig- nation.

tion was not so strained as to be unreasonable, arbitrary or capricious, although he believed that the most reasonable interpretation of the statute was contrary to that urged by the Secretary, foresaw the coming of the opinion of the Supreme Court in *Bethesda Hospital Association v. Bowen, supra.*

The Supreme Court in *Bethesda Hospital Association, et al.* held that it would have been useless for the provider to have made a claim before the fiscal intermediary and that by objecting to its inability to get the tax collection costs in the first instance in proceedings before the Board, the petitioners protected their right to judicial review.

Therefore, under the authority of *Bethesda Hospital Association v. Bowen,* 485 U.S. ——, 108 S.Ct. 1255, 99 L.Ed.2d 460, we vacate our opinion at 808 F.2d 1405.

We Affirm the court below and its order that the Provider Reimbursement Review Board take jurisdiction of the claims of North Broward Hospital District for its tax collection costs.