Juan **SALGADO**, Appellant,

v.

Jesse **BROWN**, Secretary of Veterans Affairs, Appellee.

No. 91–826.

United States Court of Veterans Appeals.

Argued Oct. 5, 1992.

Decided March 3, 1993.

Ronald L. Smith, Washington, DC, for appellant.

Michael A. Leonard, with whom James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Juan Salgado, seeks reversal of a January 24, 1991, Board of Veterans' Appeals (BVA) decision which held that his 50% rating for post-traumatic brain syndrome with healed fracture of the right parietal bone was not protected under 38 U.S.C.A. § 110 (West 1991) and 38 C.F.R. § 3.951 (1992). The BVA ruled against appellant on the ground that he had never elected to receive disability pay in lieu of military retirement pay and, consequently, his 50% rating was not "for compensation purposes" within the meaning of the statute. Appellant argues that the BVA's construction constitutes error as a matter of law. We hold that the veteran's rating was for compensation purposes, and that under the plain meaning of 38 U.S.C.A. § 110 the rating is protected. We therefore reverse the January 24, 1991, BVA decision and remand the case for further proceedings on the claim.

## FACTUAL BACKGROUND

The facts of this case are not disputed. In 1961, the Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) granted appellant a 50% rating for his condition. R. at 1. Although informed of his entitlement to do so, R. at 4, appellant has never elected to receive disability pay. On appeal, he does not seek a monetary award, but merely seeks reinstatement of his 50% protected rating. He points out that a 50% rating confers such non-pecuniary VA benefits as easier access to outpatient care. 38 U.S.C.A. § 1712(a)(1)(B) (West 1991).

Between 1963 and 1986, the RO confirmed the 50% rating eight times. R. at 15, 25, 30, 35, 39, 45, 47, 48. Appellant has reported for VA examinations when requested to do so, and his rating was main-

tained based on the reports of those examinations. The 1983, 1985, and 1986 rating decisions noted that the rating was "protected at 50%." R. at 39, 47, 48. However, in 1989, the RO decided that the veteran's 50% rating was not protected and reduced the rating. R. at 53. Relying on a precedential opinion of the VA General Counsel, *VA Gen.Couns.Prec. 31–90* (July 17, 1990) (originally issued as *VA Gen.Couns.Prec. 8–79* (Oct. 2, 1978)), the RO iterated "that protection involves not only an evaluation in force but a concurrent monetary award of benefits based on that evaluation." R. at 74. The BVA affirmed the RO decision in 1991, stating, "Section 110 of Title 38 U.S.C. protects against reduction only those ratings for compensation purposes which have been the foundation for the payment of awards for a period of at least 20 years." *Juan Salgado*, BVA 91–08416, at 5 (Jan. 24, 1991). Appellant subsequently appealed to this Court under 38 U.S.C.A. § 7266 (West 1991).

ANALYSIS

Resolution of appellant's claim requires the Court to focus on the interpretation of section 110 of title 38 of the United States Code Annotated. Section 110 reads in pertinent part:

A disability which has been continuously rated at or above any evaluation for twenty or more years *for compensation purposes* under laws administered by the Secretary [of Veterans Affairs (Secretary)] shall not thereafter be rated at less than such evaluation, except upon a showing that such rating was based on fraud. The mentioned period shall be computed from the date determined by the Secretary as the date on which the status commenced for rating purposes.

38 U.S.C.A. § 110 (West 1991) (emphasis added).

Section 3.951 of title 38 of the Code of Federal Regulations implements this statute. It reads in pertinent part:

A disability which has been continuously rated at or above any evaluation of disability for 20 or more years *for compensation purposes* under laws adminis-

tered by the Department of Veterans Affairs will not be reduced to less than such evaluation except upon a showing that such rating was based on fraud.... The 20 year period will be computed from the effective date of the evaluation to the effective date or reduction of evaluation.

38 C.F.R. § 3.951 (1992) (emphasis added).

The sole issue before the Court is the meaning of the phrase "for compensation purposes."

The Language of the Statute

 This Court is charged to "decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary." 38 U.S.C.A. § 7261(a)(1) (West 1991). Determining a statute's meaning requires examining the specific language at issue and the overall structure of the statute. *Bethesda Hospital Ass'n v. Bowen*, 485 U.S. 399, 403–405, 108 S.Ct. 1255, 1258–1259, 99 L.Ed.2d 460 (1988). Here, the statute under scrutiny gives protection from a reduction in a rating to any veteran who has that rating for compensation purposes for 20 years.

 The BVA argues that for a rating to be "for compensation purposes," the rating must be the foundation for a concurrent monetary award of benefits. However, both the parties agree that, under a literal reading, the statute does not require a monetary award. *See* Br. of Appellant at 11; Br. of Appellee at 7. Both parties ultimately cite the same applicable legal rule. "[T]he meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, ... the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917) (Br. of Appellant at 9–10; Br. of Appellee at 5–6). This plain meaning must be given effect unless a "literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters." *Griffin v. Oceanic Contrac-*

*tors, Inc.,* 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982).

Nevertheless, the Secretary argues that a literal interpretation of the phrase "for compensation purposes" would be contrary to the congressional intent and lead to ludicrous results. App.Resp. to Court Order at 5. This absurd result exception to the plain meaning rule is, however, narrow and limited to situations "where it is quite impossible that Congress could have intended the result ... and where the alleged absurdity is so clear as to be obvious to most anyone." *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 470–71, 109 S.Ct. 2558, 2575, 105 L.Ed.2d 377 (1989) (Kennedy, J., concurring). The Secretary does not provide an illustration of the absurd result of a literal interpretation, nor is it obvious to the Court. To the contrary, it is not unlikely that Congress could intentionally give a blanket protection to a rating which had been in place for two decades, with the VA continuing to find that the veteran's condition warranted payment of a "concurrent monetary award," had the veteran chosen to accept such compensation.

### Legislative History

The Secretary urges the Court to investigate the legislative history of section 110 for clear evidence of legislative intent contrary to protection of a disability rating without an actual concurrent monetary disbursement. The Court has examined the legislative history and finds no clear evidence of contrary legislative intent, but rather the opposite. It is plausible that Congress intended to protect a rating which had been in place for 20 years regardless of any monetary award. For example, one purpose of section 110 was to avoid placing the burden upon the VA and the veteran to continue to reevaluate a veteran's rating after such rating has been in place for 20 years. Br. of Appellant at 3 (citing legislative history). That reasoning provides a plausible intent for protecting a rating in place for 20 years without a necessary precursor of an actual monetary award.

The Secretary argues that the intent was to guarantee solely *monetary* benefits to which the veteran had grown accustomed. This argument is not persuasive. The legislative history of the pertinent part of the current section 110 of title 38 speaks to "benefits" derived from a rating for "compensation, pension, or insurance purposes." S.Rep. No. 1324, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 2833, 2864. This law's immediate antecedent statute, which was enacted in 1954 and only protected *total* disability ratings in place for 20 years, was passed to provide assurance that veterans "will not be deprived of benefits in their old age when continuance of support is most needed." S.Rep. No. 1027, 83rd Cong., 2d Sess. (1954), *reprinted in* 1954 U.S.C.C.A.N. 2054. There is no indication of a limitation to monetary benefits only. As both parties pointed out, there are non-pecuniary benefits derived from a 50% rating.

### Administrative Agency's Interpretation

The last step of the Court's inquiry involves examining the administrative agency's interpretation of section 110. Section 501(a) of title 38 of United States Code Annotated, gives the Secretary authority to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the [VA] and are consistent with those laws." 38 U.S.C.A. § 501(a), Pub.L. No. 102–83, § 501(2)(a), 105 Stat. 378, 386 (1991).

Given that authority, the Secretary argues that the BVA is bound by the VA General Counsel's interpretation and, consequently, has committed no legal error in following that interpretation. The Secretary fails to recognize that although courts frequently grant deference to an administrative agency's interpretation of an applicable statute under certain circumstances, this is true only when the statute is unclear. *Federal Election Comm'n v. Democratic Senatorial Campaign Comm.,* 454 U.S. 27, 102 S.Ct. 38, 70 L.Ed.2d 23 (1981). Furthermore, even where courts grant deference, they are not bound by the administrative agency's construction: "[T]he courts are the final authorities on issues of

320

statutory construction." *Id.* at 32, 102 S.Ct. at 47.

CONCLUSION

Therefore, given the plain meaning of section 110, and the administrative agency's inconsistent interpretation of the statute, the plain language of section 110 must be implemented. *See, e.g., Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1559 (Fed.Cir.1988), *cert. denied,* 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989); *International Brotherhood of Electrical Workers, Local Union No. 474, AFL–CIO v. National Labor Relations Board,* 814 F.2d 697, 719 (D.C.Cir.1987). The Court holds that the protection afforded by section 110 of title 38 of the United States Code applies to ratings for compensation purposes, whether or not a veteran elects to receive a monetary award. Accordingly, the decision of the BVA is REVERSED and the matter is REMANDED for the entry of a proper decision reinstating the 50% protected rating.