24 F.Supp.2d 1002 (1998)
LUTHERAN HEALTH CARE ASSOCIATION OF ST. LOUIS, MISSOURI D/B/A Lutheran Medical Center Plaintiff,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Defendant.
No. 4:98CV00099 SNL.
United States District Court, E.D. Missouri, Eastern Division.
October 28, 1998.
*1003 Jay L. Levitch, Partner, Stolar Partnership, St. Louis, MO, Robert E. Mazer, Robert E. Mazur, Jillian Wilson, Ober and Kaler, Baltimore, MD, for Lutheran Health Care Ass'n of St. Louis, Missouri d/b/a Lutheran Medical Center.
Wesley D. Wedemeyer, Office of U.S. Attorney, St. Louis, MO, for Social Security Administration, Donna E. Shalala.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on cross motions for summary judgment. Plaintiff, the operator of a hospital facility which was certified as a provider of services under Part A of the Medicare Program, 42 U.S.C. § 1395x(u), appeals from the order of the Secretary of Health and Human Services declining to review an agency decision.
Under the Medicare Program, providers such as plaintiff are entitled to reimbursement of certain costs, including depreciation on buildings and equipment used in the provision of patient care. Upon sale of a capital asset by the provider, the Secretary may be entitled to recapture depreciation reimbursement payments. To obtain reimbursement, a provider must submit an annual cost report to a fiscal intermediary, usually a private insurance company acting as the Secretary's agent. The intermediary audits the cost report and determines the amount of reimbursement due, issuing a Notice of Program Reimbursement (NPR) to the provider. Where the amount in controversy is $10,00 or more, a provider dissatisfied with the intermediary's "final determination ... as to the amount of total program reimbursement due the provider ... for the period covered by [the] cost report," may request a hearing "with respect to such cost report" before the Provider Reimbursement Review Board (Board) within 180 days of issuance of the NPR. 42 U.S.C. § 1395oo(a).
The Board may "affirm, modify, or reverse a final determination by the fiscal intermediary ... and make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination." Id. § 1395oo(d). Once the decision of the Board becomes the Secretary's final decision, the provider may seek review in federal district court. Id. § 1395oo(f).
Under the Secretary's regulations, an intermediary may reopen an NPR within three years of issuance. 42 C.F.R. § 405.1885(a). The regulations provide that a revision to the NPR is a "separate and distinct determination" for purposes of appeal to the Board. Id. at § 405.1889.
The relevant facts in this case are not in dispute. On April 30, 1984, plaintiff sold the hospital facility and engaged an accounting firm to represent plaintiff's interests with regard to Medicare reimbursement. On December 10, 1984, the accounting firm filed a terminating cost report on plaintiff's behalf for the four-month period ending April 30, 1984. On September 16, 1987, plaintiff's Intermediary issued its NPR for plaintiff's reimbursement for 1984, which included a determination regarding recapture of depreciation. The NPR was sent directly to plaintiff and not to plaintiff's accounting firm with which the Intermediary had been discussing the matter. Plaintiff did not forward the NPR to the accounting firm.
Subsequently, the Intermediary reopened plaintiff's cost report for 1984, and on April 23, 1990, issued an amended NPR, making several adjustments to the reimbursement due plaintiff on claims unrelated to the recapture of depreciation. On September 28, 1990, plaintiff filed a request for a hearing before the Board challenging several aspects of the revised NPR. By letter dated October 18, 1990, plaintiff requested that the Board add the recapture of depreciation issue to the appeal. In December 1993 the Board determined that it lacked jurisdiction over the recapture of depreciation issue since that issue was part of the original NPR, from which no appeal was taken. The Board found that plaintiff had not shown good cause to waive the 180-day filing requirement. The Board dismissed the recapture of depreciation issue from the appeal, but retained jurisdiction over other claims. On September 25, 1997, the Board issued its final decision on plaintiff's 1984 cost report. This became the Secretary's final administrative *1004 decision, and plaintiff filed the present complaint for judicial review.
The issue presented in the parties' cross motions for summary judgment is whether the revision of an NPR by an intermediary renews the provider's right to appeal the entire NPR to the Board. The Secretary's decision that plaintiff could only appeal those portions of the NPR which were examined or changed during the reopening must be upheld by this Court unless the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Hennepin County Med. Ctr. v. Shalala, 81 F.3d 743, 748 (8th Cir.1996). Unless Congress has spoken to the particular issue at hand, the Court is to defer to the agency's interpretation whenever it is a permissible construction of the statute. HCA Health Services of Oklahoma, Inc. v. Shalala, 27 F.3d 614, 617 (D.C.Cir.1994). Substantial deference must also be accorded the Board's interpretation of the regulations. Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).
Plaintiff relies on Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988). In that case, the providers had self-disallowed malpractice insurance costs in their cost report because such costs were not recoverable under the Secretary's regulations. The providers later filed a timely request for a hearing before the Board, challenging the validity of the malpractice regulation and seeking reimbursement for these costs. The Board held that it was without jurisdiction to hear these claims. The Supreme Court held that on appeal to the Board, a provider is not limited to claims presented to the intermediary. Under the plain terms of the statute, once the Board's jurisdiction had been properly invoked, the Board could review and revise a matter not contested before the intermediary, as long as the matter was covered by the cost report. Id. 485 U.S. at 405-06, 108 S.Ct. 1255.
The express language of the statute does not cover the situation presented in the present case, and the weight of authority is that Bethesda is not applicable where, as here, the provider did not timely invoke the Board's jurisdiction with regard to the original NPR, and the reopening of the NPR was initiated by the intermediary. See French Hosp. Med. Ctr. v. Shalala, 89 F.3d 1411 (9th Cir. 1996); HCA Health Servs. v. Shalala, 27 F.3d at 621; Albert Einstein Med. Ctr. v. Sullivan, 830 F.Supp. 846 (E.D.Pa.1992), aff'd, 6 F.3d 778 (3d Cir.1993) (table); Delaware County Memorial Hosp. v. Sullivan, 836 F.Supp. 238 (E.D.Pa.1991).
The Court agrees with this line of authority. Reopening of any portion of an NPR is not statutorily required. Rather, reopening is a product of the Secretary's regulations. Holding that the reopening of an NPR for the purpose of making a single adjustment subjected the entire NPR to another Board review would erode the 180-day requirement of § 1395oo(a). The Court concludes that the Secretary's position is a permissible construction of the statute.
Lastly, the Court rejects plaintiff's argument that equity requires this Court to find that 180-day appeal period was tolled.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted.
IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.