*2
JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). For the reasons presented in the accompanying memorandum, it is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

MEMORANDUM

Three Lower Counties Community Services Inc. (TLC) receives reimbursement payments under the Medicare Act based on its “reasonable cost” of furnishing services to Medicare beneficiaries. 42 U.S.C. § 13951 (a) (2000). TLC challenges two cost limits to which these reimbursements are subject: a per visit payment cap, see 42 C.F.R. § 405.2463(a) (2006), and a physician productivity screen, see id. § 405.2468(d). Rather than pursue the administrative process set out in the Medicare Act and its implementing regulations — which includes submitting an annual cost report to a designated financial intermediary, appealing the intermediary’s fiscal year reimbursement determination to the Provider Reimbursement Review Board (PRRB or the Board), and only then seeking judicial review, see 42 U.S.C. § 1395oo; 42 C.F.R. §§ 405.1835, 405.1877 — TLC challenged the cost limits in federal district court. The district court dismissed the case for lack of subject matter jurisdiction, concluding that because TLC’s claims arise under the Medicare Act it must first exhaust the agency appeals process.
TLC appeals, arguing that its “facial” challenge need not follow the administrative appeals procedures for Medicare reimbursement claims. We disagree. Parties challenging Medicare rules must exhaust the agency review process regardless of whether the matter involves a direct constitutional, statutory, or regulatory challenge. See Shalala v. Ill. Council on Long Tern Care, Inc., 529 U.S. 1, 5, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) (explaining that anticipatory challenges to the lawfulness of a provision that might later bar recovery of benefits must proceed “through the special review channel that the Medicare statutes create”). TLC failed to identify whether either of the cost limits would impinge on its current year’s reimbursement and did not rely on an annual cost report, concluding that “waiting for the cost report that reflected” an unfavorable reimbursement determination “might take a year or two, or more.” Appellant’s Br. at 16. Such an approach is plainly insufficient to satisfy the statutory requirements, see 42 U.S.C. § 1395oo (d) (investing the PRRB with power only “to affirm, modify, or reverse a final determination of [a] fiscal intermediary with respect to a cost report”), and Supreme Court precedent, see Heckler v. Ringer, 466 U.S. 602, 619, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (holding that claimants “must adhere to the administrative procedure which Congress has established for adjudicating their Medicare claims” even when they “would clearly prefer an immediate appeal to the District Court rather than the often lengthy administrative review process”); see also Ill. Council, 529 U.S. at 22-23, 120 S.Ct. 1084 (concluding that a claimant may not circumvent the required administrative process when *3 postponement “would mean added inconvenience or cost”).
In the alternative, TLC contends it in fact satisfied the applicable agency review procedures by submitting a letter to the PRRB requesting a jurisdictional ruling. Rather than attempt to “circumvent the Medicare appeals process,” TLC suggests it sought “to exhaust that process” by using an expedited procedure to determine that the PRRB lacked jurisdiction to entertain its direct challenge to the cost limitations. Appellant’s Br. at 24. The Medicare Act, however, requires that parties present all such challenges to the agency in the context of a fiscal year reimbursement claim. See 42 U.S.C. § 1395oo (d); Ill. Council, 529 U.S. at 11-14, 23, 120 S.Ct. 1084; Heckler, 466 U.S. at 614-17, 104 S.Ct. 2013. Unlike the claimants in Bethesda Hospital Ass’n. v. Bowen, 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988), to which TLC seeks to analogize its circumstances, TLC did not properly invoke the Board’s jurisdiction under § 1395oo (a) by identifying dissatisfaction with a reimbursement determination of its fiscal intermediary based on an annual cost report, see id. at 401-04, 108 S.Ct. 1255. Put simply, TLC failed to initiate the agency process required to advance its claims.
TLC also seeks to take advantage of a narrow exception by which the Supreme Court has excused from agency review those plaintiffs who have no possible avenue for availing themselves of the administrative appeals process. See Ill. Council, 529 U.S. at 17-19, 120 S.Ct. 1084. Because it seeks to challenge two cost limits that are “built in” to the methodology of annual cost reports, from which financial intermediaries and the PRRB may not depart, TLC argues that it is unable to obtain satisfactory agency review of its claims. A party may not, however, circumvent the Medicare Act’s requirements when it has some access to the administrative appeals process; the only circumstance warranting exception occurs when application of such procedures results in “complete preclusion of judicial review.” Id. at 23, 120 S.Ct. 1084. TLC has a clear avenue of review available. See 42 U.S.C. § 405(g). Indeed, it may file a claim for annual benefits and thereafter seek “expedited judicial review” of the reimbursement determination. See id. § 1395oo (f)(1). TLC must pursue its challenge to the cost limits in this manner. The cases it cites do not provide for any exception applicable to TLC’s circumstances.
Finally, TLC argues that its claims do not arise solely from the Medicare Act but also implicate section 330 of the Public Health Services Act (PHSA), 42 U.S.C. § 254b (Supp. V 2005), and should therefore be exempted from the administrative process required for Medicare challenges. Under the PHSA, a health center that receives government grants must “make every reasonable effort to collect appropriate reimbursement for its costs.” Id. § 254b(k)(3)(F). TLC contends that this statutory provision requires it to bring a direct action for proper Medicare reimbursement. Claims arising under the Medicare Act, however, receive no special treatment even if there are other applicable sources of law. See id. §§ 405(h), 1395ii; Ill. Council, 529 U.S. at 14, 120 S.Ct. 1084 (refusing to recognize distinctions that would limit the application of administrative exhaustion requirements on the basis of “interrelated regulations or statutory provisions”). TLC’s claims arise under the Medicare Act and are therefore subject to the required administrative review procedures.
TLC’s failure to avail itself of the required agency review process forecloses subject matter jurisdiction at this time. *4 Accordingly, we affirm the judgment of the district court.