**Marvin NEIMAN d/b/a Concourse Nursing Home, Plaintiff,**

**v.**

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES et ano., Defendants.**

**No. CV–83–5447.**

United States District Court, E.D. New York.

Sept. 17, 1988.

Marvin Neiman by Mark Binsky, New York City, for plaintiff.

Andrew Maloney, U.S. Atty., E.D.N.Y. by David Nocenti, Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

Plaintiff, owner and operator of Concourse Nursing Home, commenced this action against the defendants Secretary of Health and Human Services (the "Secretary") and Travelers Insurance Company ("Travelers") challenging their decisions with regard to cost reimbursements due him under the Medicare Program, 42 U.S.C. §§ 1395 *et seq.* This matter is before the Court on defendants' motion to dismiss or alternatively for summary judgment on plaintiff's sixth cause of action and on plaintiff's cross-motion for sanctions under Rule 11 and to correct discovery abuse.[1]

---

1. Plaintiff has also moved for summary judgment on the fifth cause of action. A separate set of papers have been submitted on that issue and is the subject of a separate Memorandum

and Order, which is being filed simultaneously herewith. Defendant does not dispute the Court's jurisdiction to review the Secretary's de-

The Medicare Program, enacted to provide health insurance benefits to aged and disabled persons, is divided into two parts, Part A and Part B. Part A covers institutional health costs such as hospital expenses and is funded from Social Security taxes. 42 U.S.C. § 1395c through i–2. Part B supplements Part A by insuring against a portion of some medical expenses not covered by Part A. It is originally funded by monthly payments paid by individuals who voluntarily enrolled, together with appropriations from the Treasury. *See United States v. Erika*, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982); 42 U.S.C. § 1395j, r, t and w. Congress has, since its enactment, amended the Medicare Act to provide that anyone who became eligible for Part B coverage would be enrolled automatically. 42 U.S.C. § 1395p(f). The monies collected are deposited in the Federal Supplementary Medical Insurance Trust Fund that finances the Part B program. *Id.*

Generally, the Secretary administers the program, but the Secretary is authorized to assign the task of paying Part B claims from the Trust Fund to private insurance carriers. § 1395u; *Erika, supra*, at 203, 102 S.Ct. at 1651–52. The recipients of Part B covered medical care may assign their claim to their medical providers. *Id.*

When the provider bills the private insurance carrier, the carrier determines whether the claim meets all of the Part B criteria. If the criteria are met, the carrier pays the claim out of federal funds. § 1395u; *id.* If the carrier denies full reimbursement, the claimant may appeal. The first stage is a *de novo* review by a different carrier employee. The claimant who is still dissatisfied may petition for an oral hearing before a hearing officer designated by the carrier. *Erika, supra;* 42 U.S.C. § 1395u(b)(3)(C); 42 C.F.R. § 405.820. The decision of the hearing officer is final. *Erika, supra*, at 203, 102 S.Ct. at 1651–52.

Plaintiff's sixth cause of action [2] involves ancillary services provided to patients at the Concourse Nursing Home. Plaintiff alleges that certain speech and physical therapy services are covered by Part B but that defendant Travelers, the insurance carrier, "intentionally, maliciously and wantonly refused to process plaintiff's Part B bills." Complaint, ¶ 65.

Defendants seek dismissal of the sixth cause of action on the grounds that (1) this Court lacks subject matter jurisdiction, (2) there has been no waiver of sovereign immunity for this kind of claim, (3) plaintiff has not exhausted his administrative remedies, (4) the court of claims has exclusive jurisdiction, (5) many of the claims are barred by the statute of limitations, (6) *res judicata* bars relitigation of certain claims decided previously in another action, and (7) Travelers is not a proper defendant.

## DISCUSSION

Judicial review of Medicare claims is governed by 42 U.S.C. § 1395ff. Under § 1395ff(b)(2), as applicable at the time these claims arose, determinations of whether an individual is entitled to benefits under Part A or Part B and the determination of the amount of benefits under Part A are subject to judicial review.[3] *See* § 1395ff(a). In *United States v. Erika, supra*, the Supreme Court reasoned from the language of § 1395ff that judicial review of the amount of benefits awarded under Part A was available but that Congress deliberately foreclosed further review of Part B claims for reimbursement.

Subsequently, the Supreme Court explored the reach of its decision in *Erika*. In *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90

cisions on the claims raised in plaintiff's fifth cause of action.

**2.** The parties have stipulated to the dismissal of the first, second and fourth claims of plaintiff's complaint. In addition, the parties have agreed to merge the third claim with plaintiff's fifth claim.

**3.** In 1986, § 1395ff(a) was amended to provide for review of the determination of the amount of benefits under Part A and Part B. However, § 9341 of Pub.L. 99–509 provided that the amendment apply to items of services furnished on or after January 1, 1987. The instant case involves claims from 1976 through 1979.

L.Ed.2d 623 (1986), the Court ruled that, although it barred review of determinations as to the amount of reimbursement, § 1395ff did not bar review of the validity of the Secretary's regulations because the carrier would not be expected to review the validity of a regulation or rule in a fair hearing. Thus, as the Second Circuit recently explained in *Kuritsky v. Blue Shield of Western New York*, 850 F.2d 126 (2nd Cir.1988), "the distinction that emerges from *Erika* and *Michigan Academy* is that federal jurisdiction exists where there is a challenge to the validity of an agency rule or regulations, but jurisdiction is lacking where the claim is merely that the insurance carrier misapplied or misinterpreted valid rules and regulations." *Id.* at p. 128 (citations omitted).

It is not readily apparent from the wording of the complaint what the jurisdictional basis for plaintiff's sixth cause of action is. However, in plaintiff's papers in opposition to defendants' motion to dismiss, plaintiff suggests that the action is for recovery for defendant Travelers' *ultra vires* actions and for constitutional torts.[4] By failing to process plaintiff's Medicare applications as required by law, plaintiff contends, Travelers exceeded its statutory authority and violated plaintiff's fifth amendment and other statutory rights. In plaintiff's recent affidavit, he claims that, while certain bills were not processed at all, others that were processed were wrongfully denied by defendant "which then frustrated plaintiff's attempts to appeal such denials." Reply Affidavit, May 18, 1988.

Whether construed as a claim of *ultra vires* conduct or as a constitutional tort, this Court lacks subject matter jurisdiction.

Plaintiff cannot escape the reach of *Erika* by characterizing the action against Travelers as an *"ultra vires"* claim. This case is undistinguishable from *Kuritsky, supra,* in which judicial review was foreclosed for plaintiff's claim that "Blue Shield has failed to follow the provisions of both the regulations and the [Medical Carriers] Manual" in assessing the reimbursement owed to plaintiff. In that case, the Court of Appeals ruled that misapplication of valid regulations was not reviewable under *Erika;* and because plaintiffs did not attack the validity of any regulation or rule promulgated by the Secretary, the claim did not fall within the scope of *Michigan Academy, supra.*

Here, too, plaintiff does not seek to invalidate the methods by which carriers review and process claims. Rather, plaintiff believes that defendants failed to follow the proper procedures and thereby deprived him of amounts legally reimbursable. This is precisely the type of matter which is left to review by the carrier in a "fair hearing" conducted pursuant to § 1395u(b)(3)(C), *see Michigan Academy, supra,* 476 U.S. at 678, 106 S.Ct. at 2140, and which is precluded from review by *Erika, supra.*[5]

Nor can plaintiff assert jurisdiction by characterizing his action as an action to recover for the constitutional tort of federal officials under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens,* the Court provided a remedy for money damages where a federal officer deprived an individual of his fourth amendment rights. The Court subsequently extended the cause of action to violations of the due process clause of the fifth amendment, *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), and the cruel and unusual punishment clause of the eighth amendment, *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15

---

**4.** Plaintiff insists that Travelers rather than the Secretary is the true party defendant in this case, presumably to avoid the reach of sovereign immunity. Nevertheless, the fiscal intermediaries who administer the Medicare Act are agents of the Secretary and their actions are legally imputable to the Secretary. *See Fox v. Bowen,* 656 F.Supp. 1236, 1238 n. 3 (D.Conn. 1987); *Kraemer v. Heckler,* 737 F.2d 214 (2d Cir.1984).

**5.** Both cases cited by plaintiff in his most recent submission to the Court, a letter dated July 21, 1988, provide review in the district court where the legality of the regulations are challenged. *Bethesda Hospital Assoc. v. Bowen,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988); *Integrated Generics v. Bowen,* 678 F.Supp. 1004 (E.D.N.Y.1988). Plaintiff argues that these cases suggest a broad range of review by the district court. Such is not the case.

(1980). However, in all of these cases, the Court found no "special factors counselling hesitation in the absence of affirmative action by Congress." *Davis, supra,* at 246–47, 99 S.Ct. at 2278.

In recent cases, however, *Bivens* has not been extended to provide a private cause of action where Congress has created a comprehensive statutory scheme that does not include such an action. According to the Supreme Court, the issue "is whether an elaborate remedial system that has been construed step by step, with careful attention to conflicting policy considerations, should be augmented by the creation of a new judicial remedy for the constitutional violation at issue." *Bush v. Lucas,* 462 U.S. 367, 388, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983). In *Bush,* the Court refused to create a *Bivens* remedy where a discharged federal employee claimed a first amendment violation. The Court reasoned that, since "the employment relationship is governed by comprehensive procedural and substantive provisions," 462 U.S. at 368, 103 S.Ct. at 2406, the judiciary should defer the decision of Congress not to provide a *Bivens* cause of action. *Id.,* at 389, 91 S.Ct. at 2001.

Most recently, in *Schweiker v. Chilicky,* —— U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), the Court refused to create a *Bivens* remedy for individuals alleging due process violations by administrators of the "continuing disability review" (CDR) program in the termination of their disability benefits. The Court noted that the system established by Congress for the protection of the rights of those terminated was "considerably more elaborate than the civil service system considered in *Bush.*" Consequently, the conclusion of *Bush* that "Congress is in a better position to decide whether or not the public interest would be served" by "creating a new substantive legal liability," *quoting* 462 U.S. at 390, 103 S.Ct. at 2417, is equally applicable, if not more, in the CDR context.

The holdings in *Bush* and *Chilicky* are controlling in this case because Congress had similarly created an elaborate and comprehensive scheme for health care providers to receive reimbursement for services performed as well as a system of appeal within the administrative framework. As described earlier, a claimant or his health care provider submits a claim to the insurance carrier for determination of whether the claim is covered and how much reimbursement is due. If approved, the carrier sends the claimant an "Explanation of Medicare Benefits" form, together with payment. 42 C.F.R. § 405.803. A claimant may request a review of the determination, which is then carried out by a different employee of the carrier. 42 C.F.R. § 405.807, 405.810. After review, the carrier must send the beneficiary a notification of the basis of the determination. 42 C.F.R. § 405.811. When the amount in controversy is $100 or more, the carrier is required to provide an opportunity for a fair hearing. 42 U.S.C. § 1395u(b)(3)(C). A hearing officer, an employee of the carrier conducts the hearing, and the decision of the hearing officer is final. 42 U.S.C. § 1395ff. The holding in *Erika* makes clear that "the hearing officer is the final arbiter of Part B benefit amount disputes based on the carrier's application or interpretation of agency rules and regulations." *Kuritsky, supra.*

The careful consideration given by Congress to the Medicare statute and particularly its judicial review provisions strongly suggests that Congress has provided all the remedies it finds necessary for the problems created by carriers' failure to reimburse Medicare beneficiaries adequately. As emphasized in *Chilicky,* "Congress is the body charged with making the inevitable compromises required in the design of a massive and complex welfare benefits program." 108 S.Ct. at 2470–71. As such, a *Bivens* remedy is not available.

Accordingly, plaintiff's sixth cause of action must be dismissed.

Plaintiff seeks Rule 11 sanctions for defendants' frivolous motion. Since defendants' arguments are meritorious, sanctions are clearly inappropriate.

For the reasons stated above, defendants' motion to dismiss plaintiff's sixth cause of action is granted.

The Clerk is directed to enter judgment dismissing the complaint in its entirety in accordance with this decision and that being filed simultaneously on plaintiff's fifth cause of action and to mail a copy of the within to all parties.

SO ORDERED.