**Joseph P. GERARDI, Pro Se, Plaintiff,**

v.

**TRAVELERS INSURANCE CO., Defendant.**

**Civil No. 3:96CV556 (DJS).**

United States District Court, D. Connecticut.

Oct. 29, 1996.

Joseph P. Gerardi, Wethersfield, CT, pro se.

### MEMORANDUM OPINION AND ORDER
SQUATRITO, District Judge.

This matter is before the court primarily on the Defendant's Motion to Dismiss for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), and Plaintiff's motion for an expedit-

ed hearing (entitled, "Emergency Motion for Advanced Rulings"). Joseph P. Gerardi, the *pro se* plaintiff in this action, is a beneficiary under the Title XVIII Medicare program. Although he has been reimbursed in full for his Medicare claim, Mr. Gerardi seeks to recover one hundred million dollars in punitive damages from the defendant, Travelers Insurance Company ("Travelers"), a Medicare carrier.

To support his action, Mr. Gerardi asserts that Travelers acted maliciously and outside the scope of its authority as a Medicare carrier during the six-year period when it denied his claims for benefits. Pl.'s Compl. at 3. Mr. Gerardi's claims against Travelers include: malice; willfulness; fraud; recklessness; and intentional infliction of emotional distress. *Id.* Travelers moves to dismiss the complaint on the ground that this court lacks subject matter jurisdiction over the action pursuant to 42 U.S.C. § 1395 *et. seq.* andi 42 U.S.C. § 405(g), (h). For the following reasons, the Defendant's motion to dismiss is granted.

### BACKGROUND

Federal Courts are obliged to construe liberally the pleadings and papers of *pro se* litigants. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) *(per curiam).* Therefore, because Mr. Gerardi is appearing *pro se,* the Court is not going to consider Traveler's arguments based on the sufficiency of the pleadings under Fed. Rules Civ. Pro. 8(a)(2) and 9(b). Nonetheless, this Court grants Traveler's motion to dismiss under Fed. Rule Civ. Pro. 12(b)(1), because the Court lacks subject matter jurisdiction over Mr. Gerardi's claims.

Mr. Gerardi's action arises under Part B of the Medicare Act, 42 U.S.C. § 1395 *et seq.* This is a voluntary, federally-subsidized program, that provides supplementary medical insurance for the aged and disabled, generally reimbursing participants (or their assignee health-care providers) 80 percent of the reasonable cost of certain medical services. *See Isaacs v. Bowen,* 865 F.2d 468, 470 (2d Cir. 1989) (discussing Medicare Part B reimbursement procedure). The Secretary of the Department of Health and Human Services

("HHS") contracts with private insurance carriers (here, Travelers) who administer the Part B claims process. 42 U.S.C. § 1395u.

The carriers, in accordance with the Medicare Act and HHS's implementing regulations, reimburse eligible claimants out of federal funds. *Id.* If a claimant is dissatisfied with his award of benefits, he may request a *de novo* evaluation of his claim by a different employee of the carrier. *See* 42 C.F.R. §§ 405.807, 405.810. If the claimant still is dissatisfied with the benefits award, and the disputed amount of the claim exceeds $100, he may request a "fair hearing" before a hearing officer designated by the carrier. *Id.* § 1395u(b)(3)(C); 42 C.F.R. § 405.820 (1987).

Since 1987, Congress has liberalized the Medicare Act so that Part B claimants, declaring additional benefits over $500, now are entitled to further administrative review, and claimants demanding over $1,000 of additional benefits are entitled to judicial review as provided under Title II of the Social Security Act. 42 U.S.C. § 1395ff. *See Abbey v. Sullivan,* 978 F.2d 37, 42 (2d Cir.1992) (discussing review of Part B disputes). The Second Circuit noted that "the Social Security Act provides the exclusive authority for exercising jurisdiction over Part B disputes." *Abbey* at 43, *citing Heckler v. Ringer,* 466 U.S. 602, 605, 104 S.Ct. 2013, 2016–17, 80 L.Ed.2d 622 (1984).

### DISCUSSION

Section 1395ff(b), which governs judicial review of Part B claims, incorporates by reference 42 U.S.C. § 405(h), "to the same extent" the provision applies to Title II Social Security disability cases. *See* 42 U.S.C. § 1395ii. Section 405(h), in pertinent part, provides that:

> [n]o findings of fact or decision of [HHS] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, [HHS] or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

To avoid the reach of sovereign immunity expressed in § 405(h), Mr. Gerardi

insists that Travelers, rather than HHS, is the true party defendant in this case. Travelers, however, is entitled to the same sovereign immunity protections as HHS in this case because it merely is a "fiscal intermediar[y] who administer[s] the Medicare Act." *Neiman v. Secretary of the DHHS of United States*, 722 F.Supp. 950 n. 4 (E.D.N.Y.1988).

The plaintiff in *Neiman*, as here, asserted that his private insurer "intentionally, maliciously and wantonly refused to process" his Part B claims. *Id.* The district court, however, noted that HHS, not the private insurer, is the true party defendant in this action because the insurer acts as a fiscal intermediary for HHS. *Id.* (holding that private insurer is mere "agent of [HHS]," whose actions are legally imputable to HHS). *See also Kraemer v. Heckler*, 737 F.2d 214, 216–17 (2d Cir.1984) (discussing role of "fiscal intermediary" insurance companies).

■ Therefore, the limited review process that Congress established for Medicare claims precludes Mr. Gerardi's claims, whether they are asserted against Travelers or HHS directly. *See Bodimetric Health Services v. Aetna Life & Cas.*, 903 F.2d 480, 486 n. 5 (7th Cir.1990) (noting § 405(g) "may not afford [the plaintiff] all the relief it seeks pursuant to its state law claims. But Congress, through its establishment of a limited review process, has provided the remedies it deems necessary to effectuate the Medicare claims process"). Further, although Mr. Gerardi asserts that he suffered damages resulting from the wrongful decisions of Travelers, 42 U.S.C. § 405(h) still bars his claims for consequential and punitive damages. *See Schweiker v. Chilicky*, 487 U.S. 412, 414, 108 S.Ct. 2460, 2463, 101 L.Ed.2d 370 (1988).

In *Schweiker*, the Supreme Court held that even where a plaintiff claimed he suffered consequential damages from an allegedly wrongful denial of Social Security benefits by program administrators, he was not entitled to relief. *Id.* (concluding that a remedy was not included "in the elaborate remedial scheme devised by Congress" and, therefore, was unavailable). The Court noted that:

> [i]n light of the comprehensive statutory schemes involved, the harm resulting from the alleged constitutional violation [cannot]

be separated from the harm resulting from the denial of the statutory right … respondents' various arguments are rooted in their insistent and vigorous contention that they simply have not been adequately recompensed for their injuries.

*Id.* at 428, 108 S.Ct. at 2470.

Travelers initially denied Mr. Gerardi's claims for reimbursement of podiatric services pursuant to 42 U.S.C. § 1395y(a)(13)(C), which excludes coverage for routine foot care. Upon review, however, the Appeals Council of the Department of Health and Human Services ["HHS"] determined that Mr. Gerardi's condition was an extreme, not routine, case of plantar keratoses. Following this ruling, Travelers reimbursed Mr. Gerardi in full for his medical expenses incurred in treating this condition. *See* Pl.'s Compl. at 5.

Although he asserts that Travelers did not recompense him adequately, Mr. Gerardi does not claim that he was denied any Medicare benefits. In fact, Mr. Gerardi acknowledges that he received a fully-favorable ruling from HHS in his administrative appeal, and that Travelers reimbursed him in full for all claims involving his periodic podiatric treatment. Pl.'s Compl. at 3. Because Mr. Gerardi was not denied any Medicare benefits and, therefore, his action is not authorized under the exclusive appeal provision of § 405(g), this Court lacks subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss **(docket no. 10)** is GRANTED. In light of this ruling, Plaintiff's **pending motions** are denied as moot. The clerk is to **close the case** and the plaintiff hereby is notified that any appeal from this decision must be made within **30 days** of this order.

It is so ORDERED.