**OSF HEALTHCARE SYSTEM, d/b/a Saint James Hospital, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 92–1172.**

United States District Court, C.D. Illinois.

April 27, 1993.

Kurt L. Hudson, Chicago, IL, for plaintiff.

Gerard A. Brost, Asst. U.S. Atty., Peoria, IL (Donna Morros Weinstein, Chief Counsel, Lauren S. Ruby, Asst. Regional Counsel, Dept. of Health & Human Services, Chicago, IL, of counsel), for defendant.

## ORDER

MIHM, Chief Judge.

Pending before the Court is Defendant's Motion for Summary Judgment and Plaintiff's Cross–Motion for Summary Judgment. For the reasons set forth below, Plaintiff's Motion is granted in part and remanded in part; Defendant's Motion is denied. This case is remanded to the Secretary of Health and Human Services for further proceedings pursuant to this Order.

## JURISDICTION

Plaintiff, an Illinois not-for-profit corporation, is located in Pontiac, Illinois and does business in the State of Illinois. At all times relevant hereto, the Plaintiff has operated an acute care hospital and has been qualified and entitled to payment from the federal Medicare Program as a provider of hospital and related health care services. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1395oo(f)(1), which allows a healthcare provider to file suit in the federal district court of the judicial district in which the provider is located within 60 days following receipt of a final decision by the Provider Reimbursement Review Board ("Board").

## FACTUAL BACKGROUND

On February 13, 1986, the OSF Healthcare System, doing business as Saint James Hospital ("St. James"), filed suit against the Secretary of Health and Human Services ("Secretary") in the U.S. District Court for the Central District of Illinois seeking to reverse a decision of the Acting Deputy Administrator of the Healthcare Financing Administration, which held that Saint James Hospital was not entitled to exemption from routine cost limitations as a sole community hospital ("SCH") for fiscal year 1980. As a "sole community hospital," Plaintiff is entitled to have a greater share of its actual costs of providing health care services reimbursed under the Medicare Program.

On January 8, 1987, a Stipulation of Settlement was filed in that case wherein the Secretary agreed to recognize Saint James as a SCH and directed the Fiscal Intermediary, Blue Cross–Blue Shield Association ("Intermediary") to pay adjusted amounts due and interest to Saint James for fiscal year 1980 in accordance with the Deputy Administrator's decision.

Prior to the settlement in the suit addressing fiscal year 1980, St. James filed its cost reports for fiscal years 1985 and 1986 in February of 1987. The Intermediary declined to grant SCH status when it issued Notices of Program Reimbursement ("NPRs") in response to those cost reports on October 15, 1987 and April 4, 1988, respectively. In the meantime, on January 21, 1988, the Secretary determined that St. James would remain a SCH for fiscal years 1981, 1982 and 1983.

The hospital appealed to the Board from the NPRs issued for fiscal years 1985 and 1986 on April 5, 1988 and September 29, 1988 or October 19, 1988, respectively. These cases were later consolidated by the Board. While these cases were pending before the Board, the Intermediary issued a revised NPR for fiscal year 1985 on August 17, 1989, recognizing the hospital as a SCH and reimbursing the hospital for the additional costs qualified for reimbursement pursuant to the hospital's SCH status. There is no evidence in the record which indicates that a revised NPR was issued for fiscal year 1986 granting SCH status to St. James. However, on September 1, 1989, the Intermediary paid the hospital approximately $636,000, the equiva-

lent of reimbursements due to St. James as a SCH for fiscal years 1985 *and* 1986 (R. 52, 162, Plaintiff's Exhibits 1 and 2). No interest in connection with the reimbursements was paid.

After St. James was reimbursed for fiscal years 1985 and 1986, the parties entered a stipulation with the Board clarifying that (1) the issue of St. James's status as a SCH for these reporting years was resolved, and (2) the only remaining issue on appeal was the interest claimed on the reimbursements. On February 12, 1992, the Board dismissed the hospital's appeal. The Board determined that it did not have jurisdiction over the interest issue as interest is not "income or cost" for the purposes of determining reimbursement for Medicare services provided.

## ISSUES

1. Is the Board's ruling that it had no jurisdiction over the interest issue arbitrary and capricious or otherwise contrary to the law?
2. Is Plaintiff entitled to interest under 42 U.S.C. § 1395g(d)?
3. Does this Court have jurisdiction to consider an interest award under 42 U.S.C. § 1395oo(f)?

## DISCUSSION

■ The Board's determination that it lacked jurisdiction to hear Plaintiff's appeal regarding the interest issue constitutes a final decision reviewable by this Court. 42 U.S.C. § 1395oo(f)(1);[1] 42 C.F.R. § 405.-

1842(h)(1). Judicial review in this matter is governed by 5 U.S.C. § 706, which requires that an agency action be affirmed unless arbitrary and capricious, contrary to law, or unsupported by substantial evidence.

### 1. *Was the Board's Determination that it Lacked Jurisdiction Over Plaintiff's Appeal Arbitrary and Capricious?*

On February 12, 1992, the Board found:

that the payment of interest in this case is not within the jurisdiction of the Board. A provider has a right to a hearing only from the final determination of the Intermediary, 42 C.F.R. § 1835(a)(1).[2] The final determination of the Intermediary is defined as "a determination of the amount of total program reimbursement due the provider ... following the close of the provider's cost report period, for items and services furnished to beneficiaries for which reimbursement may be on a reasonable cost basis under Medicare for the period covered by the cost report." 42 C.F.R. § 405.1801(a)(1).[3] The statute states that "no interest awarded pursuant to paragraph [42 U.S.C. § 1395oo(f) ](2) shall be deemed income or cost for the purposes of determining reimbursement due providers ..." 42 U.S.C. § 1395oo(f)(3). Thus, interest is not income or cost for the purposes of determining reimbursement and cannot be considered to be part of a final determination appealable to the Board. Since this is the only issue under appeal in the case

**1.** 42 U.S.C. § 1395oo(f)(1), "... Providers shall also have the right to obtain judicial review of any action of the Fiscal Intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines ... that it is without authority to decide the question, by a civil action commenced within 60 days of the date on which notification of such determination is received."

**2.** Section 405.1835(a) *Underlying Criteria.*
The provider ... has a right to a hearing before the Board about any matter designated in § 405.-1801(a)(1), if:
(1) An intermediary determination has been made with respect to the provider; and
(2) The provider has filed a written request for a hearing before the Board under the provisions described in § 405.1841(a)(1); and

(3) The amount in controversy (as determined in § 405.1839(a)) is $10,000 or more.

**3.** Section 405.1801(a) *intermediary determination* means the following:

(1) With respect to a provider of services that has filed a cost report under §§ 413.20 and 413.24(f) of this chapter, the term means a determination of the amount of total reimbursement due the provider, pursuant to § 405.1803 following the close of the provider's cost report, for items and services furnished to beneficiaries for which reimbursement may be made on a reasonable cost basis under Medicare for the period covered by the cost report.

and the Board lacks jurisdiction over it, the Board hereby dismisses the case.

The Secretary argues that the Board does not have jurisdiction over an interest claim because jurisdiction is limited to final determinations of the Fiscal Intermediary per 42 C.F.R. § 405.1803, 1801(a)(3), 42 U.S.C. § 1395oo(a)(1) and 42 C.F.R. § 405.1833(a). Although a Stipulation of Settlement signed January 8, 1987 recognized St. James as a sole community provider with respect to fiscal year 1980 and awarded reimbursement and interest accordingly, the stipulation did not affect fiscal years subsequent to 1980.

Secondly, the Secretary argues that even if this Court determines that the Board had jurisdiction, Plaintiff is still not entitled to interest because: (1) the 1985 and 1986 Intermediary determinations for those fiscal years never came under judicial review as required by 42 U.S.C. § 1395oo(f), and (2) interest to a prevailing party on judicial review is not considered income or cost for the purposes of determining reimbursement and therefore the Board does not have jurisdiction over disputes about interest. 42 U.S.C. § 1395oo(f)(3). *See* Board's February 12, 1992 decision.

The Secretary argues that the doctrine of sovereign immunity limits Plaintiff's rights to interest on claims for Medicare reimbursement to that which is expressly authorized by statute. *Tucson Medical Center v. Sullivan,* 947 F.2d 971, 979 (D.C.Cir.1991). The limited waiver of sovereign immunity is found at 42 U.S.C. § 1395oo(f) which accords interest to a provider who prevails in court as to an intermediary determination directly challenged in federal court. The Secretary argues that the Intermediary determinations regarding fiscal years 1985 and 1986 were never directly challenged in federal court. *See Riley Hospital and Benevolent Association v. Bowen,* 804 F.2d 302 (5th Cir.1986).

St. James argues that the Board has jurisdiction over its appeal on the interest issue because the Board may review reimbursable claims even if they were not specifically claimed for reimbursement or adjusted by the Intermediary. *See Bethesda Hospital*

*Asso. v. Bowen,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988); *National Medical Enterprises, Inc. v. Sullivan,* 1990 WL 169276, *1 (C.D.Cal.1990). Plaintiff also introduces a policy argument that if the Board did not have jurisdiction over such an issue, there would be no administrative review available for determinations regarding interest under § 1395g(d). This would contravene the strong presumption that Congress intended judicial review of administrative action. *National Medical Enterprises,* 1990 WL 169276, *3, citing Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 670, 106 S.Ct. 2133, 2136, 90 L.Ed.2d 623 (1986); *Oregon on behalf of Oregon Health Sciences University v. Bowen,* 854 F.2d 346, 350 (9th Cir.1988).

Finally, Plaintiff disagrees with the Board's interpretation of 42 U.S.C. § 1395oo(f)(3) [4] and clarifies that this section was promulgated to prevent providers who must pay interest from claiming it as a cost on subsequent cost reports. Likewise, judicially awarded interest was not intended to be characterized as income on subsequent reports. Therefore, § 1395oo(f)(3) prevents fiscal intermediaries from offsetting this interest income against other interest expenses claimed by providers. *See* 42 C.F.R. § 413.-153 and HCFA Pub. 15–A, § 202 (requires that interest expense claimed for reimbursement by providers be offset (reduced) by interest income (i.e., investment income)). Plaintiff clarifies that there is no language contained in § 1395oo(f)(3) which leads to the conclusion that the Board cannot review Intermediary interest determinations.

◼ The Court finds that the Provider Reimbursement Review Board erred by ruling that it did not have jurisdiction over the pending appeal involving the issue of whether St. James was entitled to interest accrued pursuant to the Secretary's finding that St. James was entitled to SCH status for fiscal years 1985 and 1986. 42 C.F.R. § 405.1869 defines the scope of the Board's decision making authority as follows:

---

**4.** Section 1395oo(f)(3): No interest awarded pursuant to paragraph (2) shall be deemed income

or cost for the purposes of determining reimbursement due providers under this chapter.

The Board shall have the power to affirm, modify, or reverse a determination of an Intermediary with respect to a cost report and to make any other modifications on matters covered by such cost report (including modifications adverse to the provider or other parties) even though such matters were not considered in the Intermediary's determination....

While there is no statutory provision which expressly states that the Board has jurisdiction to decide matters involving interest on cost reimbursement payments from the Intermediary to the provider, 42 C.F.R. § 405.-1873(b) lists specific matters *not* subject to the Board review. The subject of interest is not listed in this section. *See also* 42 C.F.R. § 405.1804 regarding matters *not* subject to administrative and judicial review. The subject of interest *is* addressed specifically by 42 U.S.C. § 1395g(d) entitled "Accrual of Interest of Balance of Excess or Deficit Not Paid." This provision states:

Whenever a final determination is made that the amount of payment made under this part to a provider of services was in excess of or less than the amount of payment that is due, and payment of such excess or deficit is not made (or affected by offset) within 30 days of the date of the determination, interest shall accrue on the balance of such excess or deficient not paid or offset (to the extent that the balance is owed by or owing to the provider) at a rate determined in accordance with the regulations of the Secretary of the Treasury applicable to charges for late payments.

Furthermore, 42 C.F.R. § 405.376 specifically addresses interest charges on overpayment and underpayment to providers, suppliers, and other entities. Section 405.376(b)(2) states:

Interest will accrue from the date of the final determination as defined in ¶ (c) of this section, and will either be charged on the overpayment balance or paid on the underpayment balance for each 30 day period that payment is delayed.

Section 405.376(c) defines a final determination as:

(i) A Notice of Amount of Program Reimbursement (NPR) is issued as discussed in

§§ 405.1803, 417.576, and 417.810, and either—(A) a written demand for payment is made; or (B) a written determination of an underpayment is made by the Intermediary after a cost report is filed.

Given these specific statutory provisions addressing a party's right to interest and the circumstances by which this entitlement accrues, the Court finds Plaintiff's policy argument compelling. If a provider was denied interest to which it was rightfully entitled under § 1395g(d), the provider would have no legal remedy absent administrative and judicial review. As the Court found in *National Medical Enterprises, Inc.*, this Court finds that such a result would be contrary to the "strong presumption that Congress intends judicial review of administrative action." *National Medical Enterprises*, 1990 WL 169276, *3; *see also Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986).

The Court's finding that the Board has jurisdiction over the interest issue on appeal is supported by the holding in *National Medical Enterprises, Inc. v. Sullivan*, 1990 WL 169276 (C.D.Cal.1990), *affirmed*, 960 F.2d 866 (9th Cir.1992), in which the district court held that "interest is integrally related to the provider's cost report." The facts involved in *National Medical* are almost identical to the instant case. In that case, after reviewing 42 U.S.C. §§ 1395g(d) and 1395oo(f)(2), the Board held that "it is clear from the above that the Board has no authority to grant interest awards." In the context of determining that the Board's decision was a final determination reviewable by the district court, the district court held:

Because the Board properly took jurisdiction over the cost reports for 1980–1984 to consider the ROE, any determination with respect to those claims, including the denial of interest, is a final appealable order. Third, if the Board's refusal to award interest were not a final reviewable order in itself, then the Board would not be subject to review for any interest determinations whatsoever. If an Intermediary wrongfully denied interest under § 1395g(d), for example, and the Board refused to order

that it be paid, the rule suggested by the Secretary would entirely preclude judicial enforcement of the law. This suggestion contravenes the "strong presumption that Congress intends judicial review of the administration action." (Citations omitted).

*National Medical Enterprise,* 1990 WL 169276, *3.

■ The Court also agrees with Plaintiff's argument that 42 U.S.C. § 1395oo(f)(3) does not restrict the Board's jurisdiction over the matter of interest and adopts Plaintiff's argument on this point.

2. *Is Plaintiff entitled to interest under 42 U.S.C. § 1395g(d)?*

Plaintiff argues that its status as a SCH was resolved by the 1987 stipulation which granted the hospital SCH status for fiscal year 1980. This settlement allegedly established St. James's SCH status for 1980 and all subsequent years assuming no change in the hospital's circumstances affected this status. Plaintiff also argues that the Secretary's January 21, 1988 decision that St. James was entitled to SCH status for the fiscal years 1981, 1982 and 1983 also supports Plaintiff's claim that there was no dispute as to the hospital's status for fiscal year 1985 and 1986. Therefore, the final determinations of the Intermediary (30 days after which interest accrues pursuant to § 1395g(d)), were the original NPRs issued on October 15, 1987 and April 4, 1988 for fiscal years 1985 and 1986, respectively. *See* 42 C.F.R. § 405.376(c)(1)(ii).

Finally, Plaintiff makes the argument that it is entitled to interest beginning on the due date of the 1986 cost report under § 1395g(d) and 42 C.F.R. § 405.376(c)(1)(iv) under which interest accrues from the date of the timely filed cost report *where payments are due to the Secretary rather than owed from the Secretary.* Since the cost report was filed on February 2, 1987, one month after the settle-

ment agreement in the case dealing with fiscal year 1980, Plaintiff argues that it deserves interest from the date of that cost report because the rule in 42 C.F.R. § 405.-376(c)(1)(iv) would be unfair unless it allowed interest to accrue for *when the Secretary owes the provider* as well as when the provider owes the Secretary. Any other treatment of this provision would mean that it is arbitrary and capricious according to Plaintiff.

Defendant argues that Plaintiff is not entitled to interest under 42 U.S.C. § 1395g(d).[5] Under § 1395g(d), interest does not accrue until 30 days from a final determination by the Intermediary when an NPR is issued. Therefore, only after the Intermediary issued the revised NPR for 1985 (in which the Intermediary recognized St. James as a SCH) on August 14, 1988 did the 30–day time limit run after which interest would accrue if cost reimbursements were not paid by the Secretary. *See National Medical Enterprises,* 1990 WL 169276, *4 (C.D.Cal.1990). Because St. James was reimbursed within this 30–day time frame, no interest accrued after the final determination by the Intermediary. The same 30–day period was never triggered for fiscal year 1986 because no revised NPR was ever issued for this year. The Intermediary merely paid St. James the amount to which the hospital was entitled as a SCH for fiscal year 1986 on September 1, 1989.

The key question is what constituted the "final decision" pursuant to § 1395g(d) from which the 30–day clock runs before a provider is entitled to interest on cost reimbursements owed by the Secretary. Because the Court has ruled that the Board has jurisdiction over this matter and the record is not fully developed regarding the circumstances surrounding the Secretary's decision to recognize St. James as a SCH for fiscal years 1985 and 1986, the Court defers to the Board's expertise on this matter and remands this case to the Secretary to deter-

---

**5.** 42 U.S.C. § 1395g(d): Whenever a final determination is made that the amount of payment made under this part to a provider of services was in excess of or less than the amount of payment that is due, and payment of such excess or deficit is not made (or affected by offset) within 30 days of the date of the determination, interest shall accrue on the balance of such excess or deficit not paid or offset (to the extent that the balances owed by or owed to the provider) at the rate determined in accordance with the regulations of the Secretary of the Treasury applicable to charges for late payments.

mine whether St. James is entitled to interest under § 1395g(d) in conjunction with the Secretary's decision that St. James was entitled to SCH status for fiscal years 1985 and 1986. *See also Saline Community Hospital Association v. Secretary of Health and Human Services,* 744 F.2d 517, 520 (6th Cir. 1984), which held:

> [T]he district court's scope of review could not extend beyond the Board's conclusion that it lacked jurisdiction; that is, the district court could not rule on the *merits* of the claim over which the Board declared it lacked jurisdiction, only on whether the Board's jurisdictional decision was correct.

3. *Does this Court have Jurisdiction to Entertain the Merits of this Appeal Under 42 U.S.C. § 1395oo(f)(1)?*

The parties have conceded that the Board's determination that it does not have jurisdiction over the interest issue constituted a final decision for the purposes of judicial review under 42 U.S.C. § 1395oo(f)(1). However, does this Court have the jurisdiction to award interest pursuant to 42 U.S.C. § 1395oo(f)(2)? This section provides for an award of interest to a prevailing party in a judicial resolution of a Medicare dispute where a provider seeks judicial review pursuant to § 1395oo(f)(1).

Plaintiff argues that the Court has jurisdiction to award interest under 42 U.S.C. § 1395oo(f)(2) because St. James properly appealed the interest issue to this Court as part of and included in the "underlying reimbursement dispute." In other words, it is not merely an ancillary issue remaining from the underlying primary issue of whether St. James is entitled to SCH status for the purpose of cost reimbursements as determined by the Intermediary in its annual NPRs.

The Court does not reach the issue of whether or not Plaintiff is entitled to interest pursuant to § 1395oo(f)(2) in light of it's decision to remand this case to the Secretary.

## CONCLUSION

For the reasons set forth above, the Court grants in part and remands in part Plaintiff's Motion for Summary Judgment, and denies Defendant's Motion for Summary Judgment. This case is remanded to the Secretary for further consideration and determination of whether St. James Hospital is entitled to interest under § 1395g(d) or any other applicable provision. The Clerk is directed to enter judgment in this case.