**LITTLE COMPANY OF MARY HOSPITAL AND HEALTH CARE CENTERS, Plaintiff,**

v.

**Donna E. SHALALA,[1] Secretary of Health and Human Services, and William Toby, Jr., as Acting Administrator of the Health Care Financing Administration, Defendants.**

No. 92 C 7900.

United States District Court, N.D. Illinois, E.D.

July 21, 1993.

**1.** Donna E. Shalala succeeded Louis W. Sullivan, M.D., as Secretary of Health and Human Services on January 22, 1993. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Donna E. Shalala will be substituted as the Defendant in this suit.

William G. Swindal, Kurt L. Hudson, Hinshaw & Culbertson, James E. McParland, Levin, McParland, Phillips, Leydig & Haberkorn, Chicago, IL, for plaintiff.

James John Kubik, U.S. Attorney's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Little Company of Mary Hospital and Health Care Centers ("Little Company") has been a Medicare participating provider since 1966. Sometime in the early 1980s, Little Company developed a computer program to assist it in computing its Medicare billings. Unfortunately for Little Company, computers are only as good as the information programmed into them. In this case, someone forgot to tell the computer to bill Medicare for certain covered procedures according to new higher rates. As a result Little Company billed Medicare for 88 hospital discharges at a rate lower than the permitted higher rates.

Little Company discovered its computer error after it had submitted its bill and after the time for filing adjustments had run.

This mistake left Little Company over $259,-000 out of pocket. Upon discovering its costly mistake, Little Company notified its fiscal intermediary by letter. Citing the regulation requiring that requests for adjustment be made within 60 days of the original cost report, the intermediary denied Little Company's request for an upwards adjustment. Little Company timely appealed this denial to the Provider Reimbursement Review Board ("the Board"); however, it fared no better on appeal, for that too was dismissed for want of jurisdiction.

Unable to obtain the relief to which it felt itself entitled through the administrative process, Little Company filed two suits in this Court pursuant to 42 U.S.C. § 1395oo(f)(1), alleging that the Board's finding that it lacked jurisdiction over the hospital's appeal was arbitrary, capricious, and otherwise not in accordance with the law. The first suit, which was based on 51 discharges made prior to fiscal year 1989, was assigned to our colleague Judge Ann C. Williams and has since been dismissed; the second (ours) is based on the remaining 37 discharges that occurred in fiscal year 1989.

The Secretary of the United States Department of Health and Human Services ("the Secretary"), named here as a defendant, filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Little Company responded to this motion and filed a motion for summary judgment. For the reasons that follow, we grant Defendant's motion and deny that of the Plaintiff.

### Background [2]

Part A of the Medicare program (established in Title XVIII of the Social Security Act) provides insurance for inpatient hospital services and related post-hospital nursing facility or home health care furnished to eligible beneficiaries receiving social security retirement or disability benefits. 42 U.S.C. §§ 1395c–1395i–4. Private fiscal "intermedi-

---

**2.** On a motion to dismiss, the court is required to assume that the facts set forth in the plaintiff's complaint are true and draw all inferences from them in plaintiff's favor. *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). On a motion for summary judgment, all uncontested facts are assumed true and parties may introduce facts not contained in the complaint. In this case, the Plaintiff has filed a detailed complaint and through the filings made in conjunction with the motion for summary judgment, we now know that all material facts set forth in the complaint are uncontested.

aries", who act under contract, pay for covered services directly to the "provider of services" (e.g., a hospital) according to certain reimbursement criteria set by statute and regulation. *Id.* §§ 1395f(b), 1395h.

Providers of services seek reimbursement from Medicare pursuant to the Prospective Payment System ("PPS"). Under this system, payment is made from prospectively fixed standard rates payable on a per discharge basis. Pub.L. 98–21 (April 20, 1983), § 601, amending 42 U.S.C. § 1395ww. The PPS payment made for a given patient's stay is based on a code assigned to that stay. This code is called a "diagnosis-related group" or DRG and is assigned according to a variety of factors including the primary and secondary (if any) diagnosis, age, and sex of the patient.

In order to receive payment, the provider of services submits to its fiscal intermediary a claim form for the discharge listing (*inter alia*) a diagnosis and procedure codes from the International Classification of Diseases, 9th Clinical Revision ("ICD–9"). The intermediary processes the provider's claim form by running it through a computer program that assigns a DRG to the stay based on the information submitted and then computes the amount due. This amount due is computed pursuant to a formula.[3]

After this processing is complete the intermediary sends the hospital a statement indicating the DRG assigned to each inpatient stay. Once a DRG code has been assigned a stay "a hospital has 60 days after the date of the initial notice of the initial assignment ... to request a review of that assignment." 42 C.F.R. § 412.60(d)(1).

In our case, Little Company had its own computer program that assigned DRG codes according to the ICD–9 information fed it. Little Company's program ostensibly was to assign discharges appropriate DRG codes, recognize reimbursable discharges by DRG code, and then produce claim forms for those discharges. Little Company would then forward these claims forms to its fiscal intermediary for further processing.

Unfortunately, Little Company's computer program failed to recognize certain changes in DRG reimbursements. Prior to October 1987, Medicare reimbursed hospital providers for very few DRG codes based on ICD–9 codes greater than 86.99. In October 1987, Medicare expanded its reimbursement in this range, and thus covered more DRGs associated with over 86.99 ICD–9 codes. Little Company apparently failed to input this change into its computers, and as a consequence its computers continued to assign lower-yielding DRG codes to these procedures. Due to this error, Little Company included in its fiscal year 1989 claims forms approximately 37 in-patient hospitalizations at lower paying DRG assignments than they were actually entitled.

In September 1989 Little Company recognized its mistake with respect to these 37 discharges and to 51 other discharges from an earlier period. Soon thereafter Little Company contacted its Peer Review Organization ("PRO") (which performs medical review functions under Medicare and also must approve any revision to an initial DRG assignment under 42 C.F.R. § 412.60(d)(2)) requesting a revision of the DRG assignment for these 88 hospitalizations.[4] On February 26, 1990, the PRO wrote to Little Company explaining that it had determined that the hospital had failed to meet the 60–day deadline specified in 42 C.F.R. § 412.60(d)(1) ("Section 412.60") for filing requests for revisions and that, in any event, requests for DRG assignment revisions must be made in the first instance to the hospital's fiscal intermediary. Little Company subsequently sought a revision from its fiscal intermediary; however, the intermediary also denied the hospital's request citing the 60–day limitations period.

---

**3.** The amount due is computed by multiplying the applicable DRG's weighting factor (which reflects the average consumption of hospital resources for that condition relative to all other DRGs) by a standardized amount representing the cost of treating an average patient in all the DRGs combined. 42 C.F.R. § 412.2, 412.60.

**4.** Defendants dispute to whom this letter was addressed; however, this fact is hardly material. Since the fact is contested, we follow (for purposes of the motion to dismiss) the version set forth in the Complaint.

Shortly thereafter, Little Company received a Notice of Program Reimbursement ("NPR") for fiscal year 1989 ("FY 1989") from its fiscal intermediary. The NPR is produced after the intermediary audits a hospital's cost report. It specifies the total reimbursement determined for the cost reporting period and states any adjustment due to or from the hospital based on interim payments made to the hospital during that period. After it received its FY 1989 NPR, Little Company timely appealed to the Board several disallowed reasonable cost items. These reimbursements are not at issue in this case. By letter addressed to the Board on September 22, 1992, Little Company sought to add to its appeal the intermediary's refusal to revise the DRG assignments with respect to the 37 discharges that were miscoded for the FY 1989 period. On October 7, 1992, the Board determined that it lacked jurisdiction over Little Company's request because Little Company had failed to file its original request during the 60–day limitations period specified in Section 412.60.

Little Company contends in its complaint before this Court that the Board had jurisdiction over its appeal of the 37 discharges and that its refusal to exercise this jurisdiction was arbitrary, capricious, and/or otherwise not in accordance with the law.

### Discussion

A plaintiff's complaint will not be dismissed "unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). However, "a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Id.* Summary judgment, by contrast, will be granted only where it appears on the basis of all of the filings that there is no genuine issue of material fact, and that the moving party is entitled to a judgment in its favor as a matter of law. Fed.R.Civ.P. 56(c). As noted above, in this case the legal arguments predominate and are argued voraciously (but identically) in the briefing with respect to

both Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment.

■ To begin, we note that Plaintiff's Complaint asks us to review an agency action, namely, the Board's denial of jurisdiction over Little Company's request for appeal. We review agency actions made pursuant to Medicare under the abuse of discretion standard set forth in the Administrative Procedure Act, thus we will set aside the Board's determination only if it is arbitrary, capricious, or otherwise not in accordance with the law. 42 U.S.C. § 1395oo(f). In this case, the standard is easy to apply: if the Board was required to take jurisdiction over Little Company's appeal of the intermediary's denial regarding the 37 discharges, its failure to do so constituted abuse of discretion.

Little Company's claim is that 42 U.S.C. § 1395oo(a) ("Section 1395oo(a)") requires the Board to entertain its appeal from the intermediary's refusal to adjust the 37 miscodings. Title 42, Section 1395oo(a) provides in pertinent part that

> Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board (hereinafter referred to as the "Board") ... and any hospital which receives payments in amounts computed under ... section 1395ww of this title and which has submitted such reports within such time as the Secretary may require in order to make payment under such section may obtain a hearing with respect to such payment by the Board if—
>
> (1) such provider—
>
> (A)(i) is *dissatisfied with a final determination of the* organization serving as its *fiscal intermediary ... as to the amount of total program reimbursement ...*,
>
> ....
>
> (2) the amount in *controversy is $10,000 or more*, and
>
> (3) such provider *files a request for a hearing within 180 days after notice* of the intermediary's final determination....

*Id.* (emphasis added). Little Company argues that it has met these threshold require-

ments for review because (1) it is dissatisfied with its intermediary's final determination as to the amount of total program reimbursement since that amount reflects the 37 instances of miscoding; (2) the amount at issue well exceeds $10,000; and (3) its appeal was timely (that is, was within 180 days of the date of the intermediary's denial of its request). On the force of this argument, Little Company claims that it is entitled to summary judgment.

Judge Williams considered this argument in the companion case to this one (whose facts are virtually identical to our own). *Little Co. of Mary Hosp. and Health Care Ctr. v. Sullivan,* No. 92–C–399. In considering the defendants' motion to dismiss in that case, Judge Williams found that Little Company had met the criteria for establishing Board jurisdiction under Section 1395oo(a). *Little Co. of Mary Hosp. and Health Care Ctr. v. Sullivan,* No. 92–C–399, 1992 WL 276967 Mem.Op. and Order (N.D.Ill. Oct. 1, 1992) (granting defendant's motion to dismiss). She found that both the jurisdictional amount and timely filing requirements had been met. Next, she determined that, contrary to defendants' assertion, mere dissatisfaction with the amount of total reimbursement is all that is required to satisfy the first requirement of Section 1395oo(a). With respect to this determination, she explained that she was following reasoning enunciated in *Bethesda Hospital Association v. Bowen,* 485 U.S. 399, 108 S.Ct. 1255, 99 L.Ed.2d 460 (1988), which she read to say that a provider can be dissatisfied with the amount of its total reimbursement and thus satisfy the first requirement of Section 1395oo(a) even though it did not incorporate a challenge in the cost report filed with its intermediary. *Little Co. of Mary Hosp. and Health Care Ctr. v. Sullivan,* No. 92–C–399, 1992 WL 276967 mem. op. and order at 6 (N.D.Ill. Oct. 1, 1992) (granting defendant's motion to dismiss).

Although she found that Little Company had met the requirements of Section 1395oo(a), Judge Williams determined that remand to the Board was inappropriate because Section 412.60 deprived the Board of its jurisdiction over the matter. *Id.* Mem.Op. and Order at 7. She reasoned that under Section 412.60, Little Company's fiscal intermediary lacked jurisdiction to hear a petition for review of a DRG classification after the 60–day time period except where good cause was demonstrated. *Id.* at 8 (citing *Valley Baptist Med. Ctr. v. Blue Cross & Blue Shield Ass'n,* Medicare & Medicaid Guide (CCH) ¶ 38,465 (1990)). Since Little Company had not demonstrated good cause for filing its request after the 60 days had run, Judge Williams found that the intermediary lacked jurisdiction to review its request for adjustment and, hence, the subsequent appeal was also without jurisdictional basis.

While we reach ultimately the same conclusion as Judge Williams' well-reasoned opinion, we get there by a slightly different route. While Little Company may well be dissatisfied with the total program reimbursement amount determined by its intermediary because it does not reflect the DRG adjustments Little Company believes itself entitled to, we find that Section 1395oo(a) does not require the Board to take jurisdiction over Little Company's appeal. We read *Bethesda Hospital* more narrowly than did Judge Williams, finding it to hold that only in select circumstances will a provider be permitted to raise challenges in the first instance on appeal under Section 1395oo.

In *Bethesda Hospital,* the petitioners had not requested certain reimbursements (or challenged their intermediary's calculations) before the intermediary because they knew that these costs were currently not reimbursable under the Secretary's regulations and, hence, would have been automatically disallowed by the intermediary. Believing that the Secretary's regulation precluding reimbursement for this type of cost was erroneous (that is, the regulation was invalid), the petitioners chose to reserve their challenge to the regulation for their Section 1395oo(a) appeal. When this issue was raised on appeal, the Secretary contended that the petitioners were not entitled to raise it because they had failed to exhaust their administrative remedies short of appeal.

■ In rejecting the Secretary's argument, the Court held that, "No statute or regulation expressly mandates that *a chal-*

*lenge to the validity of a regulation* be submitted first to the fiscal intermediary." 485 U.S. at 404, 108 S.Ct. at 1259. It reasoned:

> Providers know that, under the statutory scheme, the fiscal intermediary is confined to the mere application of the Secretary's regulations, that the intermediary is without power to award reimbursement except as the regulations provide, and that any attempt to persuade the intermediary to do otherwise would be futile.

The Court then went on to compare the circumstance of a challenge to the validity of a regulation with more routine cost determination disputes:

> Thus, petitioners stand on different ground than do providers who bypass a clearly proscribed exhaustion requirement or who fail to request from the intermediary reimbursement for all costs to which they are entitled under applicable rules. While such defaults might well establish that a provider was satisfied with the amounts requested in its cost report and awarded by the fiscal intermediary, those circumstances are not presented here. We conclude that petitioners could claim dissatisfaction, within the meaning of the statute, without incorporating their challenge in the cost reports filed with their fiscal intermediaries.

*Id.* at 404–05, 108 S.Ct. at 1259. This discussion suggests to this Court that only where a petitioner can demonstrate that a challenge made to a fiscal intermediary in the first instance would have been futile will that petitioner be permitted to raise the issue for the first time on appeal under Section 1395oo(a).

■ The matter before us does not involve a challenge to the validity of a regulation—notwithstanding Little Company's protestations to the contrary. Instead, it involves at heart a request for a readjustment of the DRG codes assigned certain reimbursable procedures. Little Company has not demonstrated that a timely made request for DRG reassignment would have been futile. Indeed, unlike the challenge at issue in *Bethesda Hospital,* the request here is one that the PPS administration process was designed to entertain, and involved a dispute that the fiscal intermediary (in conjunction with the PRO) had specific power to resolve. The only requirement that Little Company had to meet in order to have the merits of its request for reassignment handled within the PPS mechanism was to file its request within 60 days of the initial DRG assignment. Little Company's appeal, therefore, fails to fall within the exception carved out by *Bethesda Hospital* and, as a consequence, does not fall within the Board's mandatory jurisdiction under Section 1395oo.

Little Company has muddied the waters considerably with its arguments that Section 412.60 somehow deprives it of its statutory right to appellate review under Section 1395oo(a). Section 1395oo(a) provides for a hearing on a cost report where the provider "has filed a required cost report within the time specified in regulations." It would be inaccurate to characterize this appeal as involving a dispute about the cost report *per se;* instead, it is better characterized as an appeal of a late-in-the-day challenge to certain preliminary determinations (namely, the DRG assignments) that eventually made their way into the cost report. The cost report and subsequent NPR are the end product of a series of Medicare PPS billing steps, the structure of which is set out in the Secretary's detailed regulations.

■ We agree with the Secretary that in this area Congress has accorded her great discretion to fashion regulations governing when preliminary filings, determinations, and challenges to those determinations must be made before the ultimate cost report is compiled. Title 42, Section 1395ii incorporates into the Medicare Act the enabling provisions of 42 U.S.C. § 405(a), which delegate to the Secretary "full power and authority" to establish "necessary and appropriate" procedures to carry out her administrative responsibilities, and to adopt "reasonable and proper" rules and regulations governing the "nature and extent of the proofs and evidence and the methods of taking and furnishing the same" in order to establish entitlement to payment. Pursuant to this mandate, the Secretary considered various options and determined that a "workable prospective payment system would not exist if the fiscal intermediaries are constantly processing re-

coded claims based upon the same documentation or if bills lack finality because they are forever subject to revision." 52 Fed.Reg. 33034, 33045 (Sept. 1, 1987). To this end, the Secretary determined (after notice and comment) that a 60–day limit on the time for filing requests for adjustment to initial DRG assignments was crucial to a workable PPS.

We cannot say that this determination was arbitrary or capricious nor can we say that the 60–day limit offends in any way the statutory appeals provision in Section 1395oo(a). Notwithstanding Plaintiff's claims to the contrary, they are not precluded from having their "day in court" before the Board. Limitations periods will preclude the review of some claims; this is true in any judicial, quasi-judicial, and (here) administrative setting. However, this fact does not mean that parties are precluded from having the merits of their claims heard; instead, they are merely precluded from having the merits of their untimely claims heard. In this respect, a rule such as Section 412.60 is not unlike Federal Rule of Civil Procedure 60(b), which requires that certain requests for review be made within one year after judgment.

Section 1395oo mandates that the Board review timely cost reports if other filing requirements are met, not that untimely challenges to preliminary determinations must be heard. No matter how hard they try, Plaintiff's may not recast their untimely challenges to the preliminary DRG assignments as an appeal based on the cost report. Although the preliminary assignments were incorporated into the cost report, this in and of itself does not subject the cost report to attack under Section 1395oo(a). Thus, while the Board has power to adjust the cost reports in certain circumstances to facilitate the remedies it imposes, *see Bethesda Hospital,* 485 U.S. at 405–06, 108 S.Ct. at 1259–60 (discussing 42 U.S.C. § 1395oo(d)), Plaintiffs cannot use this limited power to bootstrap their untimely challenges to DRG classifications into the Section 1395oo(a) appeals process. As noted above, when the Supreme Court discussed adjustments on appeal, it noted that the petitioners in the case before it "stand on different ground than do providers who bypass a clearly proscribed exhaus-

tion requirement or who fail to request from the intermediary reimbursement for all costs to which they are entitled." *Bethesda Hospital,* 485 U.S. at 404–05, 108 S.Ct. at 1259. Little Company falls into the latter classes of petitioners; therefore, the Board was not required to entertain its appeal.

*Conclusion*

Because we find that there is no way that Little Company will be able to prove any set of facts entitling it to relief, we grant Defendant's Motion to Dismiss and dismiss Little Company's Complaint with prejudice. We also hereby dismiss Little Company's motion for summary judgment as moot.