George T. CLARKE, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–1087.

United States Court of Veterans Appeals.

Jan. 10, 1997.

George T. Clarke, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Susan Wuchinich, Washington, DC, were on the brief, for appellee.

Before FARLEY, MANKIN *, and IVERS, Judges.

FARLEY, Judge:

This is an appeal from a July 27, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to vocational rehabilitation subsistence allowance under chapter 31, title 38, U.S.Code, for enrollment in a non-degree flight instructor program. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the BVA decision.

---

* Judge Mankin was assigned to and participated

## I.

The appellant served in the U.S. Army from April 1959 to March 1961. Record (R.) at 21. In June 1988, the appellant was awarded noncompensable service-connected ratings for residuals of a left wrist fracture and lower back traumatic arthritis, effective January 1987. Supplemental (Suppl.) R. at 1–2. In a subsequent rating decision, the award for traumatic arthritis of the lower back was increased to 10% and made effective July 11, 1986. Suppl. R. at 3–4. The appellant thereafter received education benefits under chapter 34, title 38, U.S.Code, for flight training and received his commercial pilot's license. R. at 25.

In April 1989, after his chapter 34 benefits expired, he filed an application for vocational rehabilitation benefits under chapter 31 in order to get an "instrument rating." R. at 23, 29. The appellant met several times in 1989 with a counseling psychologist (CP) who determined that the appellant was eligible for chapter 31 benefits because he had an employment handicap. At that time, 38 U.S.C. § 3102 only required a veteran to have a service-connected disability rating of 10%. Although the CP expressed some concerns about the appellant's ability to complete the requirements to become a flight instructor, his occupational goal of becoming a flight instructor was approved. To attain his goal, the appellant was required to "obtain his GED, then complete major training to the A.A. [science] degree level in Flight Technology." R. at 33.

After the appellant received his GED (R. at 78), he began a program at a community college in Alabama. R. at 82. In July 1991, he withdrew from the school as a result of problems he was having with a math course. R. at 86. After an August 1991 meeting with his CP, the appellant agreed to continue to pursue his current career goal of flight instructor and to take some remedial courses at a different college. R. at 88–91. However, in September 1991, the appellant contacted his CP and argued that he should be able to receive the flight training in a non-degree program. R. at 95. He was once again

in this case, but died before its final disposition.

advised to continue with his current career objective. In January 1992, the appellant met with the CP, who advised him that 38 C.F.R. § 21.134(b) "require[d] that any flight training be part of a 'degree program' in aviation." R. at 102. It was agreed that the appellant would continue for another semester at the junior college. R. at 103. Shortly thereafter, however, the appellant filed a Notice of Disagreement (NOD) stating that he did not want to pursue an associate degree in flight instruction, but wanted "to attend a non degreed [sic] program for Flight Instructor for which I have been denied January 24, 1992." R. at 105.

On appeal, the appellant argued that 38 C.F.R. § 21.134 was "in conflict with the laws," and that it discriminated against veterans with employment handicaps. R. at 129. At that time, § 21.134 provided, in pertinent part:

> (b) After *October 1, 1981.* After October 1, 1981, flight training may only be authorized in degree curriculums in the field of aviation that includes required flight training.

At a regional office (RO) hearing on August 24, 1992, the appellant testified that he "would have no problem acquiring a job as a flight instructor" if allowed to pursue his training in a non-degree program. R. at 180. The RO denied the appellant's claim in October 1992. R. at 184. The BVA denied the appellant's claim in July 1994 and found that

> [t]he law governing Chapter 31 benefits clearly requires that rehabilitation under the program is subject to the approval of the Secretary. [38 U.S.C. § 3104]. The [VA] regulation clearly states that flight training after October 1, 1981, may only be authorized in degree curriculums in the field of aviation that included required flight training. 38 C.F.R. § 21.134(b). In cases such as this, where the law is dispositive, the claim must be denied because of the absence of legal merit.

R. at 9.

## II.

The appellant, in essence, raises three challenges to 38 C.F.R. § 21.134. First, he argues that it is inconsistent with a statute, 38 U.S.C. § 3104. Second, he argues that its effect is to deprive him of a benefit without due process of law. Third, he argues that the application of that regulation conflicts with another regulation, 38 C.F.R. § 15.130. The Court reviews these questions of law de novo. 38 U.S.C. § 7261(a); *Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), *aff'd*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994).

 The resolution of these issues necessarily requires an interpretation of 38 U.S.C. § 3104 as well as 38 C.F.R. §§ 21.134 and 15.130. "The canons of construction of course apply equally to any legal text and not merely to statutes." *Smith (William A.) v. Brown*, 35 F.3d 1516, 1522–24 (Fed.Cir.1994) (interpreting language of 38 C.F.R. § 3.105(a), Court analyzed words in light of surrounding terms, structure of regulation, and textual context of whole regulation, citing *Black & Decker Corp. v. Commissioner of Internal Revenue*, 986 F.2d 60, 65 (4th Cir.1993) ("Regulations, like statutes, are interpreted according to the canons of construction")). "Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." *Gardner v. Derwinski*, 1 Vet. App. 584, 586 (1991) (citing *Bethesda Hospital Ass'n v. Bowen*, 485 U.S. 399, 403–05, 108 S.Ct. 1255, 1258–59, 99 L.Ed.2d 460 (1988)), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), *aff'd*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). "[W]hen a reviewing court 'find[s] the terms of a statute [or regulation] unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.'" *Smith (Edward F.) v. Derwinski*, 2 Vet.App. 429, 431 (1992) (quoting *Demarest v. Manspeaker*, 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991)). The "plain meaning must be given effect unless a 'literal application of [the] statute [or regulation] will produce a result demonstrably at odds with the intention of its drafters.'" *Gardner*, 1 Vet.App. at 586–87 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)).

**A.**

Section 3104(c) of title 38 states that "[a] rehabilitation program (including individual courses) to be pursued by a veteran shall be subject to the approval of the Secretary." Based on the clear language of the statute, which was enacted in October 1980, it is apparent that Congress intended to give the Secretary broad discretion in implementing vocational rehabilitation programs. In promulgating 38 C.F.R. § 21.134 in 1984 (with a retroactive effective date of April 1, 1981), and thereby limiting flight training under chapter 31 to a degree curriculum, the Secretary was exercising the discretion conferred upon him by Congress. The appellant has offered no basis which would permit a conclusion that, in so doing, the Secretary abused this discretion.

Congress subsequently acted to buttress the Secretary's exercise of discretion. In 1992, Congress enacted 38 U.S.C. § 3680A which provides:

(b) Except to the extent otherwise provided in this title or chapter 106 of title 10, the Secretary shall not approve the enrollment of an eligible veteran in any course of flight training other than one given by an educational institution of higher learning for credit toward a standard college degree the eligible veteran is seeking.

That statute does not, per se, operate as a bar to the appellant's claim because the claim was filed prior to its enactment; however, it does provide contextual support for the conclusion that § 21.134 is fully consistent with 38 U.S.C. § 3104. Accordingly, the appellant's argument must be, and is, rejected.

**B.**

In determining whether there has been a violation of due process, the Supreme Court applies the same standard to the federal government under the Fifth Amendment that it applies to the states under the Equal Protection Clause of the Fourteenth Amendment. *See, e.g., Schlesinger v. Ballard,* 419 U.S. 498, 500 n. 3, 95 S.Ct. 572, 574 n. 3, 42 L.Ed.2d 610 (1975); *see also Latham v. Brown,* 4 Vet.App. 265, 266 (1993). "Under this standard, unless a classification is suspect, such as where it is predicated on race or alienage, or where it involves a fundamental right, such as voting, it need meet only the rational basis test." *Latham,* 4 Vet.App. at 266–67 (quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 2331–32, 120 L.Ed.2d 1 (1992)). "Social and economic legislation ... that does not employ suspect classifications or impinge on fundamental rights ... carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Hodel v. Indiana,* 452 U.S. 314, 331–32, 101 S.Ct. 2376, 2387, 69 L.Ed.2d 40 (1981). "A statutory determination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

The appellant argues that the application of 38 C.F.R. § 21.134 makes him the victim of discrimination on the basis of his employment handicap because, at the time he filed for vocational rehabilitation benefits under chapter 31, there were other VA programs authorizing flight training that did not require that such training be part of a degree program. His argument essentially is that he is being deprived of equal protection of the laws because education benefits under chapters 30 and 32 were not subject to the same restrictions as vocational rehabilitation benefits under chapter 31. Since the appellant is not a member of a suspect class and there is no fundamental right being infringed, there need only be a rational basis for the regulatory distinction. *See Nordlinger,* 505 U.S. at 10, 112 S.Ct. at 2331–32; *Robinson v. Brown,* 9 Vet.App. 398, 401 (1996).

The appellant's argument that the difference in benefits received by veterans participating in the respective programs constitutes discrimination in violation of the U.S. constitution fails to meet the initial threshold burden of establishing disparate treatment, i.e., that similarly situated veterans are receiving flight training without the added requirement that the training be part of a degree curriculum. *Cf. U.S. v. Armstrong,* 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (holding that, to establish a discriminatory effect of prosecution in a race case, the defendant must show that similarly situated

individuals of a different race were not prosecuted); *Villeza v. Brown*, 9 Vet.App. 353 (1996). The appellant merely has shown that veterans who utilize the education benefits programs are not situated similarly to those veterans who participate in flight training under the vocational rehabilitation program. Without a showing of disparate treatment, there can be no discrimination in violation of the constitution.

Even assuming, arguendo, that the appellant had met his initial burden, his argument still would have to be rejected because there is a rational basis for the provision of differing benefits under the vocational rehabilitation and education programs. First, it must be noted that the purposes of, and the eligibility for, the two classes of programs are different. As Congress noted in 1980 when it amended chapter 31, title 38, U.S.Code, after four years of study, the goal of the vocational rehabilitation program is "to enable veterans with service-connected disabilities to achieve maximum independence in daily living and, to the maximum extent feasible, to become employable and to obtain and maintain suitable employment." 38 U.S.C. § 3100. On the other hand, one of the express purposes of education benefits under chapters 30 and 32 is to assist veterans "in obtaining an education they might not otherwise be able to afford." 38 U.S.C. § 3201; *see also* 38 U.S.C. § 3001(2).

Second, the varying experiences with the two programs prompted separate and distinct legislative reactions. With respect to vocational rehabilitation, after additional study and a period of notice and comment, part 21 of 38 C.F.R. was totally rewritten in 1984 to reflect the 1980 legislative enactment. Among the new provisions was 38 C.F.R. § 21.134 which, while not terminating flight training programs, did require that any programs entered into after October 1, 1981, be part of a degree curriculum program. The regulation provided:

Authorization of flight training under chapter 31 is subject to the same limitations applicable to flight training under chapter 34, including the following:

. . . .

(b) After October 1, 1981. After October 1, 1981, flight training may only be authorized in degree curriculums in the field of aviation that include required flight training.

Finally, in 1992, as noted above, this regulatory limitation was imposed by statute, 38 U.S.C. § 3680A.

Unlike vocational rehabilitation flight training, Congress ended all VA education benefits for the pursuit of flight training in 1981 because of perceived program abuse. *See* Omnibus Budget Reconciliation Act of 1981, Pub.L. 97–35, § 2003, 95 Stat. 357, 782; *See also* 134 CONG. REC. S16524–01 (1988) (statement by Sen. Daschle). Although Congress later restored education benefits for flight training, it did so gradually and with safeguards intended to eliminate past abuse. 134 CONG. REC. S16524–01 (1988); *see also* S.Rep. No. 126, 101st Cong., 1st. Sess. 248 *reprinted in* 1989 U.S.C.C.A.N. 1469, 1654. Included in such safeguards was the requirement that there be approval by both the FAA and the state approving agency. *See* Veteran's Education and Employment Programs, Pub.L. No. 102–16, 105 Stat. 51 (1991). Moreover, education benefits for flight training under chapters 30 and 32 were restored without the degree curriculum requirement only as a test program in order to monitor for continuing abuse. *Cf.* 134 CONG. REC. S16524–01 (Senator Daschle's statement that educational assistance for flight training under the GI bill is to be reinstated as a four-year test program).

Given the differences inherent in the purposes of the education and vocational rehabilitation programs, the Court concludes that there is a rational basis for 38 C.F.R. § 21.134. As the Secretary argues, it was appropriate for Congress to determine if past abuse of flight training benefits would be less likely for certain programs. As a result, less stringent requirements for veterans receiving flight training under chapters 30 and 32 are rationally related to the government's stated objective. Congress is neither required to make all benefits available to all classifications of veterans nor must it expose all programs to potential abuse at the same time in order to test the efficacy of new or

revised programs. Moreover, the requirement that flight training under chapter 31 must be part of a degree curriculum is rationally related to the government's purpose for vocational rehabilitation benefits, i.e., "[t]o become employable and to obtain and maintain suitable employment." 38 U.S.C. § 3100. The appellant has failed to demonstrate that the application of that regulation to him violated any constitutional right. *See Hodel, supra.*

■ Finally, the appellant also suggests that 38 C.F.R. § 21.134 is inconsistent with 38 C.F.R. § 15.130, which states:

(a) No qualified individual with handicaps shall, on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the agency.

However, as noted above, there has been no evidence proffered by the appellant to show that he has been excluded from receiving flight training benefits on the basis of handicap. The appellant is not being denied any of the benefits available to him under the vocational rehabilitation program. Rather, he is being denied benefits that were part of a program for which he no longer qualifies. The appellant's mere assertion in his brief that "[t]he BVA should have enforced Title 38 C.F.R. [§ 15.130]," and his argument in his informal reply memorandum that he was not being treated the same as nonhandicapped veterans do not establish that the regulation at issue is arbitrary or irrational. *See Hodel, supra.*

### III.

Upon consideration of the record and the parties' briefs, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Gilbert, supra.* Ac-cordingly, the July 27, 1994, decision of the Board of Veterans' Appeals is **AFFIRMED.**